FILED

APR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ardeshir Yazdani )
1645 Q Street, NW )
Washington, D.C. 20009 )
)
      Plaintiff, )
)
    v. )
)
Access ATM )
10681 Haddington Drive )
Houston, TX 77043-3239 )
)
      Defendant. )
_____ )

CASE NUMBER   1:06CV00639

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Contract

DATE STAMP: 04/6/2006

JURY ACTION

## NOTICE OF REMOVAL

Defendant Access ATM ("Access") removes this action from the Superior Court of

the District of Columbia to the United States District Court for the District of Columbia for

the following reasons:

    1.    On or about November 18, 2005, plaintiff commenced this civil action against

Access, a Texas corporation, in the Superior Court of the District of Columbia by filing a

Complaint. The action was assigned number 05-009097 B. In the Complaint, plaintiff

asserted a breach of contract claim and claimed damages in excess of $81,000.00.

    2.    On or about December 30, 2005, plaintiff filed an Amended Complaint against

Access. In the Amended Complaint plaintiff added a count alleging a violation of sections

1961 and 1962 of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18

U.S.C. §§ 1961 -- 1962.

1

3.    On or about January 4, 2006, a copy of the Complaint, Amended Complaint, Initial Order, and Summons were served on the Mayor of the District of Columbia.

4.    On or about March 10, 2006, the Mayor served a copy of the Complaint, Amended Complaint, Initial Order, and Summons on Access. This Removal Notice is being filed within 30 days of the date a copy of the Amended Complaint was served on Access.

5.    Removal is proper under 28 U.S.C. § 1441 (b) because plaintiff's claims fall within the original subject matter jurisdiction of the federal district court. In particular, plaintiff's action involves a federal question. Plaintiff alleges a claim arising under RICO. *Cf., Habib Bahari, v. Countrywide Homes Loans*, 2005 U.S. Dist. Lexis 34741 (D. Md., Dec. 16, 2005).

6.    Removal also is proper under 28 U.S.C. § 1441(b) because plaintiff's action involves diversity of jurisdiction.    Plaintiff is a citizen of the District of Columbia, and defendant is a citizen of Texas.  The amount in controversy exceeds the requisite limit of $75,000.00.  28 U.S.C. § 1338(a).

7.    All pleadings, process, orders, and filings made in the Superior Court of the District of Columbia are attached to this notice, as required by 28 U.S.C. § 1446(a).

8.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District Court is the location in which the Superior Court of the District of Columbia is located.

9.    Access ATM shall promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the District of Columbia, with the Chambers of the Assigned Judge, and on the plaintiff's counsel.

10.    Plaintiff demanded a jury trial in the Superior Court action.

WHEREFORE, Access respectfully requests that the above-styled action now pending against it in the Superior Court of the District of Columbia as CA No. 05-009097 B shall be removed to this Court. Access further prays for further relief to which it may be entitled.

Respectfully Submitted,

Devarieste Curry, 384621
The Curry Law Firm, PLLC
One Massachusetts Avenue, NW
Suite 800
Washington, DC 20001-1401

202-842-8650
202-842-7612 (Facsimile)

Dated:        April 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2006, a copy of the foregoing Notice

of Removal was sent, via hand delivery, to:

> The Honorable Judith E. Retchin
> Moultrie Courthouse
> Chambers 3520
> 500 Indiana Avenue, N.W.,
> Washington, D.C. 20001


> Clerk's Office
> Moultrie Courthouse
> 500 Indiana Avenue, N.W.,
> Washington, D.C. 20001


> Harvey S. Williams, Esq.
> Robert S. Madancy Jr., Esq.
> 1666 Connecticut Avenue, N.W.
> Suite 225
> Washington, D.C. 20009

Devarieste Curry
The Curry Law Firm, PLLC
One Massachusetts Avenue, NW
Suite 800
Washington, DC 20001-1401

202-842-8650
202-842-7612 (Facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Ardeshir Yazdani                      )
1645 Q Street, NW                     )
Washington, D.C. 20009                )
                                      )
            Plaintiff,                )
                                      )        C.A. No._____
      v.                              )
                                      )
Access ATM                            )
10681 Haddington Drive                )
Houston, TX 77043-3239                )
                                      )
            Defendant.                )
_____)

## INDEX OF DOCUMENTS BEING FILED WITH NOTICE OF REMOVAL

The following documents are being filed with Access ATM's Notice of Removal to

comply with the requirement to submit all process, pleadings and orders with the Notice:

1.    Docket Sheet

2.    Complaint, with Initial Order, and Summons

3.    Superior Court Information Sheet for Civil Actions

4.    Amended Complaint, with Duplicate of Initial Order and Summons

5.    Affidavit dated December 29, 2005 by Harvey S. Williams, plaintiff's counsel

6.    Affidavit of Service, showing service of the Complaint, Amended Complaint,
      Initial Order and Summons on the Mayor of the District of Columbia on
      January 4, 2006 for service on Access ATM

7.    Motion to Appear *Pro Hac Vice* on behalf of plaintiff by counsel Harvey S.
      Williams for Robert S. Madancy, filed February 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2006, a copy of the foregoing Index

of Documents Being Filed with Notice of Removal was sent, via hand delivery, to:

The Honorable Judith E. Retchin
Moultrie Courthouse
Chambers 3520
500 Indiana Avenue, N.W.,
Washington, D.C. 20001


Clerk's Office
Moultrie Courthouse
500 Indiana Avenue, N.W.,
Washington, D.C. 20001


Harvey S. Williams, Esq.
Robert S. Madancy Jr., Esq.
1666 Connecticut Avenue, N.W.
Suite 225
Washington, D.C. 20009


Devarieste Curry
The Curry Law Firm, PLLC
One Massachusetts Avenue, NW
Suite 800
Washington, DC 20001-1401

202-842-8650
202-842-7612 (Facsimile)



2005 CA 009097 B          YAZDANI, ARDESHIR  Vs.  ACCESS ATM  JER

Search Criteria
Docket Entry
Images       All Dockets
Participant
Display OptionExclude Non Display Dockets

Begin Date                    SortDescending
End Date

Search Results

| Docket Date | Reference | Description | Amt Dism/Credit | Amt Owed/ Amount Due |
|---|---|---|---|---|
| 2/21/2006 | | Order Granting Plaintiff's Motion to Appear Pro Hac Vice Entered on the Docket 2/21/06. Signed by Judge Retchin 2/21/06. Copies mailed to Parties 2/22/06. amj | | |
| 2/21/2006 | | Event Scheduled Event: Ex Parte Proof Hearing Date: 04/07/2006   Time: 11:00 am Judge: RETCHIN, JUDITH E   Location: Courtroom 220 | | |
| 2/21/2006 | | Notice of Hearing Mailed Next Business Day | | |
| | | Notice Of Hearing Sent on: 02/21/2006  10:33:05 | | |
| 2/21/2006 | | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 02/17/2006 at 9:30 am has been resulted as follows: | | |
| | | Result: Scheduling Conference Hearing Not Held Courtroom 220.  Courtsmart.  Plaintiff's oral motion for a default entered and granted.  Exparte proof hearing set fr 4/11/2006 @ 11:00am.  KWD/ J. RETCHIN Mr HARVEY S WILLIAMS (Attorney) on behalf of ARDESHIR YAZDANI (PLAINTIFF)  Participant(s): Judge JUDITH E RETCHIN | | |
| 2/17/2006 | | Motion to Appear Pro Hac Vice Filed Attorney: WILLIAMS, Mr HARVEY S (437147) ARDESHIR YAZDANI (PLAINTIFF);  Receipt: 28443  Date: 02/17/2006 | | 20.00 |
| 1/5/2006 | | Proof of Service Method    : Service Issued Issued     : 11/28/2005 Service    : Summons Issued Served     : 01/04/2006 Return     : 01/05/2006 On         : ACCESS ATM Signed By  : | | |
| | | Reason     : Proof of Service Comment    : | | |
| | | Tracking #: 5000009745 | | |
| 1/5/2006 | | Affidavit of Service of Summons & Complaint on | | |
| | | ACCESS ATM (Defendant); | | |
| 12/30/2005 | | Amended Complaint Filed ARDESHIR YAZDANI (PLAINTIFF); | | |
| 12/20/2005 | | Judge Caseload Transfer The judge was changed from WEISBERG, FREDERICK H. to RETCHIN, JUDITH E. | | |
| 12/20/2005 | | Event Scheduled | | |

06 0639

FILED

APR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Exhibit 1**

Event: Scheduling Conference-60
Date: 02/17/2006    Time: 9:30 am
Judge: RE1    N, JUDITH E    Location:
Courtroom 220

Result: Scheduling Conference Hearing Not
Held

11/28/2005          Issue Date:  11/28/2005
Service:  Summons Issued
Method:  Service Issued
Cost Per:  $


ACCESS ATM
10681 Haddington Drive
Ste 190
HOUSTON, TX    77043
Tracking No: 5000009745


11/18/2005          Event Scheduled
Event: Initial Scheduling Conference-60
Date: 02/17/2006    Time: 9:30 am
Judge: WEISBERG, FREDERICK H.    Location:
Courtroom 318

11/18/2005          Complaint for Fraud Filed  Receipt: 19825          120.00
Date: 11/18/2005

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ARDESHIR YAZDANI )
1645 Q Street, N.W. )
Washington, D.C. 20009 )
)
Plaintiff, )
)
v. ) Civil Action No. 05ca009097B
) (FHW)
ACCESS ATM )
10681 Haddington Dr. )
Ste. 190 )
Houston, TX 77043-3239 )
)
Defendant. )



## AMENDED COMPLAINT

COMES NOW, the plaintiff, Ardeshir Yazdani, and for his amended complaint against the defendant, Access ATM, seeking judgment and an award of execution against said defendant, states as follows:

### Jurisdiction

1.    The Court has jurisdiction of this case pursuant to D.C. Code §11-921.

### Parties

2.    At all times relevant hereto, plaintiff Ardeshir Yazdani ("Yazdani"), was the owner operator of AHA Corp., a District of Columbia corporation doing business as Java House, which is located at 1645 Q St., N.W., Washington, D.C. 20009. Access is not authorized to do business in the District of Columbia.

3.    On information and belief, Access ATM ("Access") is a Texas corporation located at 10681 Haddington Dr., Ste 190, Houston, Texas. Access is not authorized to do business in the District of Columbia.

06 0639

**FILED**

APR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
Exhibit 4

4.    At all times relevant hereto, Andrew H. Williams Jr. ("Williams") was an agent/employee of Access. Williams was fully authorized to conduct business on Access' behalf. Access authorized Williams to act as its agent/employee in distributing ATM products and provided Williams with promotional materials and contracts to be used in the marketing and sale of ATM machines. Access is therefore liable for the actions of Williams under the principles of agency and/or respondeat superior.

### Statement of Facts

5.    On May 6, 2003, Access engaged Williams to solicit customers for Access products. Toward this end, Access provided Williams with sales agreements, service agreements, and other documents identifying Access as the source of the ATM machine at issue in this case. Access gave orders to Williams in the performance of his work, controlled the performance of Williams' work and controlled the way that Williams' performed the work.

6.    On or about August of 2003, Williams approached Yazdani at his place of business in an attempt to sell and/or lease him an Access ATM machine for placement in Java House.

7.    As instructed by Access, Williams presented Yazdani with Access promotional literature and technical information, showed Yazdani contracts executed between Access and other customers, and provided Yazdani with the standard Access contract forms.

8.    Near the end of August, 2003, Yazdani, relying on the representations of Williams and the materials provided by Access, agreed to purchase an Access ATM machine for placement in Java House.

2

9.    On September 2, 2003, Yazdani signed an Access ATM sales/service agreement whereby Yazdani purchased one programmed Triton 9600 ATM machine for a total price of $6890 ($6500 + $390 sales tax) installed. The ATM was to be installed in a month.

10.    Yazdani paid the full amount in a check dated September 2, 2003. The check was cashed on September 3, 2003.

11.    On November 17, 2003, Yazdani called Access to complain that his ATM machine had not yet been installed. Access told Yazdani that he would have his money refunded.

12.    Williams sent Yazdani a Merchant Receipt Form saying that $6890 would be refunded by 11/25/03.

13.    Yazdani never received his money or the ATM machine.

14.    Due to defendant's actions, plaintiff has suffered damages equal to $6890.00 for the ATM purchase price, $170.00 for installation costs incurred and lost profits from October 2, 2003 to the present, exceeding $75,000.00.

### COUNT I
### (Fraud)

15.    The preceding paragraphs are incorporated by reference herein.

16.    In August, 2003, Williams represented to Yazdani that Access would provide Yazdani with a Triton 9600 ATM machine if Yazdani paid Access $6890.

3

17.   On September 2, 2003 Williams presented an Access ATM sales and service agreement to Yazdani in which it was represented that Yazdani would receive a Triton 9600 ATM machine from Access after Yazdani tendered the purchase price of $6890.

18.   Yazdani paid $6890.00 in reliance upon the material fact that he would receive an Access ATM machine for his money.

19.   The representations listed above were false in that neither Access nor Williams ever intended to install an ATM machine in Java House, nor did Access or Williams ever intend to refund Yazdani's money.

20.   Yazdani relied upon Williams' representations and Access' contract when he paid Williams $6890 for a Triton 9600 ATM.

21.   At all times relevant hereto, Yazdani reasonably believed that Williams was acting within the scope of the authority granted to him by Access.

22.   At all times relevant hereto, all of the representations made by Williams to Yazdani were within the scope of the Williams' agency relationship with Access.

23.   At all times relevant hereto, Access had granted Williams the authority to enter into contracts for the sale and/or lease and/or placement of ATM machines.

24.   At all times relevant hereto, Williams had apparent and/or actual authority to act as Access' agent.

25.   Access put Williams into a position which enabled him, while acting or apparently acting within his authority, to perpetrate the fraud on Yazdani.

26.   Access is responsible for the actions of its agent, Williams.

4

27. Williams could not have perpetrated the fraud against Yazdani without the actual or apparent authority granted him by Access.

28. Yazdani never received his ATM and as a result of defendant's fraud, has been damaged as stated herein.

## COUNT II
### (Breach of Contract)

29. The preceding paragraphs are incorporated by reference herein.

30. On September 2, 2003 Access and Yazdani entered a contract for the sale of a Triton 9600 ATM machine.

31. Access had authorized Williams to act on its behalf and had provided Access contracts to Williams for that purpose.

32. Yazdani performed his obligations under the contract when he gave Williams a check for $6890.

33. Access has failed to provide the Triton 9600 ATM machine, and is therefore in breach.

34. Due to the breach of contract, Yazdani has been damaged as described herein.

## COUNT III
### (RICO Violations)

35. The preceding paragraphs are incorporated herein.

36. Access ATM acted through its agent, Andrew Williams, in contravention of 18 U.S.C. § 1962, and did thereby injure the plaintiff in his business and property.

37. Access ATM is vicariously liable for the acts of its agent as described herein.

5

38.   Access and Williams did use interstate wire communications and/or interstate mail service in furtherance of the scheme to defraud Plaintiff. Such activity is in violation of 18 U.S.C. §§ 1341 and 1343 and constitutes racketeering activity under 18 U.S.C. § 1961(1)(B).

39.   The acts described in this Complaint constitute a pattern of racketeering activity under 18 U.S.C. § 1961(5) and were part of a scheme to defraud plaintiff.

40.   Under 18 U.S.C. § 1964(c), plaintiff is entitled to treble damages, costs, and attorneys fees occasioned by defendants' violation of the statutes.

## PUNITIVE DAMAGES

41.   The preceding paragraphs are incorporated by reference herein.

42.   Williams acted with evil motive, actual malice, with intent to injure Yazdani, and/or in willful disregard for Yazdani's rights while perpetrating the outrageous and grossly fraudulent acts described herein. The actions of defendant's managing officers, directors, and/or managing agents were such to show that they participated in, authorized and/or ratified Williams' conduct throughout the perpetration of the fraud.

## MISCELLANEOUS ALLEGATIONS

43.   Plaintiff reserves the right to amend these pleadings as necessitated by discovery.

44.   Plaintiff demands trial by jury.

6

WHEREFORE, Ardeshir Yazdani prays for judgment and an award of execution against the defendant, Access ATM, in the sum of $84,360.00 compensatory damages plus interest from September 3, 2003; punitive damages; treble damages and attorneys' fees; his costs; and for such further relief as this court may deem proper and just.

Respectfully submitted,

ARDESHI YAZDANI
By Counsel

Harvey S. Williams
Unified Bar No. 437147
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite. 225
Washington, D.C. 20009
Tel (202) 462-5900
Fax (202) 462-5904

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Complaint was sent this 30th day of December, 2005, by first-class mail, postage prepaid, to the Honorable Frederick H. Weisberg, Chambers 5600, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C. 20001.

Harvey S. Williams

7

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ARDESHIR YAZDANI                    )
1645 Q Street, N.W.                 )
Washington, D.C. 20009              )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )        Civil Action No. 05ca009097B
                                    )              (FHW)
ACCESS ATM                          )
10681 Haddington Dr.                )
Ste. 190                            )
Houston, TX 77043-3239              )
                                    )
    Defendant.                      )

### ORDER

Upon consideration of plaintiff's Motion to Appear *Pro Hac Vice*, for the

admission *pro hac vice* of Robert S. Madancy, Jr. as counsel on behalf of Ardeshir

Yazdani, it is this ___21___ day of _____February_____, 2006,

ORDERED, that the motion be, and the same hereby is GRANTED; and it is

further

ORDERED, that Robert S. Madancy, Jr. is specially admitted to practice in the

District of Columbia before this Court for the purposes of appearing and participating in

the above-captioned case as counsel on behalf of Ardeshir Yazdani; and it is further

ORDERED, that local counsel, Harvey S. Williams, is not required to be present

at proceedings in this matter.

DOCKETED In Chambers    FEB 21 2006

MAILED From Chambers    FEB 22 2006

The Hon. ~~Frederick H. Weisberg~~ Judith E. Retchin
Judge, Superior Court for the
District of Columbia



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ARDESHIR YAZDANI
   Vs.
ACCESS ATM

C.A. No.    2005 CA 009097 B

## **INITIAL ORDER**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-1, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended *as provided in SCR Civ 4(o)*.

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to *discuss the possibilities of settlement* and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge FREDERICK H. WEISBERG
Date: November 18, 2005
Initial Conference: 9:30 am, Friday, February 17, 2006
Location: Courtroom 318
       500 Indiana Avenue N.W.
       WASHINGTON, DC 20001

Caio.doc

· CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C.  20001  Telephone:  879-1133

| | |
|---|---|
| ARDESHIR YAZDANI | 05-0003097 |
| *Plaintiff* | |
| VS. | Civil Action No. [_____] |
| ACCESS ATM | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Harvey S. Williams, Esq., DCB No. 437147 | By _____ |
| Name of Plaintiff's Attorney | Deputy Clerk |
| 1666 Connecticut Avenue, N.W., Ste. 225 | |
| Address | |
| Washington, D.C. 20009 | Date [ 11/18/05 ] |
| (202) 462-5900 | |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456(Mar. 91)          NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ARDESHIR YAZDANI                          )
1645 Q Street, N.W.                        )
Washington, D.C. 20009                     )
                                           )
    Plaintiff,                                )          05-0009097
                                           )
    v.                                        )     Civil Action No._____
                                           )
ACCESS ATM                                 )
10681 Haddington Dr.                       )
Ste. 190                                   )
Houston, TX 77043-3239                     )
                                           )
    Defendant.                                )

> FILED
> CIVIL ACTIONS BRANCH
> NOV 1 8 2005
> Superior Court
> of the District of Columbia
> Washington, D.C.

### COMPLAINT

COMES NOW, the plaintiff, Ardeshir Yazdani, for his complaint against the

defendant, Access ATM, seeking judgment and an award of execution against said

defendants, states as follows:

### Jurisdiction

1.    The Court has jurisdiction of this case pursuant to D.C. Code §11-921.

### Parties

2.    At all times relevant hereto, plaintiff Ardeshir Yazdani ("Yazdani"), was

the owner operator of AHA Corp., a District of Columbia corporation doing business as

Java House, which is located at 1645 Q St., N.W., Washington, D.C. 20009. Access is

not authorized to do business in the District of Columbia.

06 0639

3.    On information and belief, Access ATM ("Access") is a Texas corporation

located at 10681 Haddington Dr., Ste 190, Houston, Texas. Access is not authorized to

do business in the District of Columbia.

FILED

**Exhibit 2**

Case: 2005 CA 009097 B
00015132220
DKT: CABCFF
- 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
765066 KENNEDI 12/02/2005 10:33:42 AM



4.    At all times relevant hereto, Andrew H. Williams Jr. ("Williams") was an agent/employee of Access.  Williams was fully authorized to conduct business on Access' behalf.  Access authorized Williams to act as its agent/employee in distributing ATM products and provided Williams with promotional materials and contracts to be used in the marketing and sale of ATM machines.  Access is therefore liable for the actions of Williams under the principles of agency and/or respondeat superior.

### Statement of Facts

5.    On May 6, 2003, Access engaged Williams to solicit customers for Access products.  Toward this end, Access provided Williams with sales agreements, service agreements, and other documents identifying Access as the source of the ATM machine at issue in this case.  Access gave orders to Williams in the performance of his work, controlled the performance of Williams' work and controlled the way that Williams' performed the work.

6.    On or about August of 2003, Williams approached Yazdani at his place of business in an attempt to sell and/or lease him an Access ATM machine for placement in Java House.

7.    As instructed by Access, Williams presented Yazdani with Access promotional literature and technical information, showed Yazdani contracts executed between Access and other customers, and provided Yazdani with the standard Access contract forms.

8.    Near the end of August, 2003, Yazdani, relying on the representations of Williams and the materials provided by Access, agreed to purchase an Access ATM machine for placement in Java House.

2

765066 KENNERI 12/02/2005 10:33:42 AM

 

9.    On September 2, 2003, Yazdani signed an Access ATM sales/service agreement whereby Yazdani purchased one programmed Triton 9600 ATM machine for a total price of $6890 ($6500 + $390 sales tax) installed.  The ATM was to be installed in a month.

10.    Yazdani paid the full amount in a check dated September 2, 2003.  The check was cashed on September 3, 2003.

11.    On November 17, 2003, Yazdani called Access to complain that his ATM machine had not yet been installed.  Access told Yazdani that he would have his money refunded.

12.    Williams sent Yazdani a Merchant Receipt Form saying that $6890 would be refunded by 11/25/03.

13.    Yazdani never received his money or the ATM machine.

14.    Due to defendant's actions, plaintiff has suffered damages equal to $6890.00 for the ATM purchase price, $170.00 for installation costs incurred and lost profits from October 2, 2003 to the present, exceeding $75,000.00.

## COUNT I
### (Fraud)

15.    The preceding paragraphs are incorporated by reference herein.

16.    In August, 2003, Williams represented to Yazdani that Access would provide Yazdani with a Triton 9600 ATM machine if Yazdani paid Access $6890.



17.    On September 2, 2003 Williams presented an Access ATM sales and service agreement to Yazdani in which it was represented that Yazdani would receive a Triton 9600 ATM machine from Access after Yazdani tendered the purchase price of $6890.

18.    Yazdani paid $6890.00 in reliance upon the material fact that he would receive an Access ATM machine for his money.

19.    The representations listed above were false in that neither Access nor Williams ever intended to install an ATM machine in Java House, nor did Access or Williams ever intend to refund Yazdani's money.

20.    Yazdani relied upon Williams' representations and Access' contract when he paid Williams $6890 for a Triton 9600 ATM.

21.    At all times relevant hereto, Yazdani reasonably believed that Williams was acting within the scope of the authority granted to him by Access.

22.    At all times relevant hereto, all of the representations made by Williams to Yazdani were within the scope of the Williams' agency relationship with Access.

23.    At all times relevant hereto, Access had granted Williams the authority to enter into contracts for the sale and/or lease and/or placement of ATM machines.

24.    At all times relevant hereto, Williams had apparent and/or actual authority to act as Access' agent.

25.    Access put Williams into a position which enabled him, while acting or apparently acting within his authority, to perpetrate the fraud on Yazdani.

26.    Access is responsible for the actions of its agent, Williams.

4




27.    Williams could not have perpetrated the fraud against Yazdani without the actual or apparent authority granted him by Access.

28.    Yazdani never received his ATM and as a result of defendant's fraud, has been damaged as stated herein.

## COUNT II
### (Breach of Contract)

29.    The preceding paragraphs are incorporated by reference herein.

30.    On September 2, 2003 Access and Yazdani entered a contract for the sale of a Triton 9600 ATM machine.

31.    Access had authorized Williams to act on its behalf and had provided Access contracts to Williams for that purpose.

32.    Yazdani performed his obligations under the contract when he gave Williams a check for $6890.

33.    Access has failed to provide the Triton 9600 ATM machine, and is therefore in breach.

34.    Due to the breach of contract, Yazdani has been damaged as described herein.

## PUNITIVE DAMAGES

35.    The preceding paragraphs are incorporated by reference herein.

36.    Williams acted with evil motive, actual malice, with intent to injure Yazdani, and/or in willful disregard for Yazdani's rights while perpetrating the outrageous and grossly fraudulent acts described herein. The actions of defendant's managing officers, directors, and/or managing agents were such to show that they

765066 KENNER| 12/02/2005 10:33:42 AM

participated in, authorized and/or ratified Williams' conduct throughout the perpetration of the fraud.

## MISCELLANEOUS ALLEGATIONS

37.    Plaintiff reserves the right to amend these pleadings as necessitated by discovery.

38.    Plaintiff demands trial by jury.

WHEREFORE, Ardeshir Yazdani prays for judgment and an award of execution against the defendant, Access ATM, in the sum of $84,360.00 compensatory damages plus interest from September 3, 2003; punitive damages; his costs; and for such further relief as this court may deem proper and just.

Respectfully submitted,

ARDESHI YAZDANI
By Counsel

Harvey S. Williams
Unified Bar No. 437147
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite. 225
Washington, D.C.  20009
Tel (202) 462-5900
Fax (202) 462-5904

Counsel for Plaintiff

6

765066 KENNERI 12/02/2005 10:33:42 AM

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ARDESHIR YAZDANI
    Vs.                                    C.A. No.      2005 CA 009097 B
ACCESS ATM

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge FREDERICK H. WEISBERG
Date:  November 18, 2005
Initial Conference: 9:30 am, Friday, February 17, 2006
Location:  Courtroom 318
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

· CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

ARDESHIR YAZDANI

*Plaintiff*

VS.

ACCESS ATM

*Defendant*

05-0003097

Civil Action No.

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Harvey S. Williams, Esq., DCB No. 437147

Name of Plaintiff's Attorney

1666 Connecticut Avenue, N.W., Ste. 225

Address

Washington, D.C. 20009

(202) 462-5900

Telephone

By _____

Deputy Clerk

Date | 11 18 05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Superior Court of the District of Columbia

## CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

95-0003097

ARDESHIR YAZDANI

vs.

ACCESS ATM

file copy

Case Number:

Date: 11/18/05

_Name:_
Harvey S. Williams
Firm Name:
Law Office of Harvey S. Williams
Telephone No.:          Unified Bar No.:
(202) 462-5900          437147

Relationship to Lawsuit

⦿ Attorney for Plaintiff

○ Self (Pro Se)

Other:

TYPE OF CASE:    ○ Non-Jury         ○ ~~Jury~~          ○ 12 Person Jury

Demand: $ 82,000.00 plus exemplary damages    Other:

## PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No. | Judge | Calendar #

Case No. | Judge | Calendar #

## NATURE OF SUIT: _(Check One Box Only)_

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:

- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ _16_ Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441

- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage

- ☐ 05 Trespass
- ☐ 06 Other:

06 0639
FILED

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☑ 08 Fraud

- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence

- ☐ 17 Personal Injury
- ☐ 18 Wrongful Death   APR - 6 2006
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:   NANCY MAYER WHITTINGTON, CLERK
- ☐ 2 1 Asbestos   U.S. DISTRICT COURT
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496/ Feb. 95

**Exhibit 3**

765066 KENNERI 12/02/2005 10:33:42 AM



# Superior Court of the District of Columbia

## CIVIL  DIVISION — CIVIL ACTIONS BRANCH

### INFORMATION SHEET

95-0009097

| ARDESHIR YAZDANI |
| :--- |

vs.

| ACCESS ATM |
| :--- |

Case Number: [                    ]

Date: [  11/18/05  ]

*Name:*

| Harvey S. Williams |
| :--- |

Firm Name:

| Law Office of Harvey S. Williams |
| :--- |

Telephone No.: | Unified Bar No.:
| (202) 462-5900 | 437147 |

Relationship to Lawsuit

◉ Attorney  for  Plaintiff

○ Self (Pro Se)

Other: [                    ]

TYPE OF CASE:   ○ Non-Jury       ◉ 6 Person Jury       ○ 12 Person Jury

Demand: $ [ 82,000.00 plus exemplary damages ]    Other: [                    ]

### PENDING  CASE(S)   RELATED  TO  THE  ACTION  BEING  FILED

Case No. [          ]   Judge [                    ]   Calendar # [      ]

Case No. [          ]   Judge [                    ]   Calendar # [      ]

### NATURE OF SUIT:   *(Check One Box Only)*

**A. CONTRACTS**
- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:

- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION  CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ *16* Under $25,000 **Consent Denied**
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441

- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage

- ☐ 05 Trespass
- ☐ 06 Other:

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☑ 08 Fraud

- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence

- ☐ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496-Feb. 95

765066 KENNER! 12/02/2005 10:34:59 AM

**D. OTHERS**

I.
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 **Insurance/Subrogation Under $25,000 Pltf. Grants Consent**
- ☐ 08 Quiet Title
- ☐ 09 Special Writ (Specify)

- ☐ 10 T.R.O./Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code 164315)

- ☐ 25 Other:
- ☐ 26 **Insurance/Subrogation Under $25,000    Consent Denied**
- ☐ 27 **Insurance/Subrogation Over $25,000**

II.
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [6-2713(h) or 36-3 19(a)]
- ☐ 20 Master Meter (D.C. Code 43-541, et seq.)

- ☐ 21 Petition for Subpoena [Rule 28-I(b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27 (a)(I) (Perpetuate Testimony)



765066 KENNER! 12/02/2005 10:36:21 AM

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| ARDESHIR YAZDANI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05ca9097B |
| | ) | (FHW) |
| ACCESS ATM | ) | Next Scheduled Event: |
| | ) | Initial Conference |
| Defendant. | ) | 2/17/06 at 9:30 a.m. |

### AFFIDAVIT

I, Harvey S. Williams, being duly sworn, state as follows:

1.     I am over 18 years of age and have personal knowledge as to the matters stated herein.

2.     I am an attorney associated with the Law Office of Harvey S. Williams, 1666 Connecticut Avenue, N.W., Ste. 225, Washington, D.C. 20009. I am a member of the District of Columbia Bar.

3.     Access ATM ("Access") is a Texas corporation that transacts business in the District of Columbia. Specifically, in connection with the above-referenced lawsuit, Access sent an agent into the District to sell, lease, and/or place ATM machines in local business establishments for profit.

4.     Access ATM's last known address is 10681 Haddington Dr., Suite 190, Houston, Texas 77043-3239.

5.     My associate made inquiries at the D.C. Department of Consumer and Regulatory Affairs, Office of Business and Professional Licensing Administration, Corporation Division, regarding the current status of Access ATM in the District of

06  0639

FILED

APR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit 5

JAN - 4 2006

834250 KENNERI 01/09/2006 1:50:33 PM

Columbia and was informed that Access ATM is not currently registered to do business in the District of Columbia and does not have a registered agent in the District of Columbia.

6.      Pursuant to D.C. Code §29-101.108(c), "if any foreign corporation shall transact business in the District of Columbia without a certificate of authority, it shall, by transacting such business, be deemed to have thereby appointed the Mayor its agent and representatives upon whom any process, notice or demand may be served." D.C. Code §29-101.108(c).

I HEREBY DECLARE AND AFFIRM under penalties of perjury that the foregoing Affidavit is true and correct.


_12/29/05_
Date

_Harvey S Williams_
Harvey S. Williams


DISTRICT OF COLUMBIA:

Before me, _PAULA R. KAHN_, a Notary Public, in and for the District of Columbia, personally appeared Harvey S. Williams, and being first duly sworn by me upon his oath, says that the facts alleged in the foregoing Affidavit are true.

_Paula R. Kahn_
Notary Public


My Commission Expires: _10-14-06_


2

834250 KENNER1 01/09/2006 1:50:33 PM

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA - CIVIL

Ardeshir Yazdani

vs.

Access ATM

No. 2005 CA 009097 B

**AFFIDAVIT OF SERVICE**

to wit: Washington, DC

FILED
CIVIL AC⋯ ⋯ ℨANCH
JA⋯ ⋯ 2006
of ⋯ ⋯ ⋯olumbia

    I, DANIEL F. PORTNOY, having been duly authorized to make service of the Initial Order, Summons, Amended Complaint, Complaint and Affidavit in the above entitled case, hereby depose and say:

    That my date of birth is 11-26-1971.

    That my place of business is 1827 18th Street, N.W., Washington, D.C. 20009-5526 (202) 667-0050.

    That service was made by a private process server.

    That I am not a party to or otherwise interested in this suit.

    That at 2:00 pm on January 4, 2006, I served in accordance with D.C. code 29-101.12(b), duplicate copies of the Initial Order, Summons, Complaint, Amended Complaint and Affidavit in this case upon the defendant, Access ATM c/o Mayor for the District of Columbia by serving Maxine Ebb, Correspondence Clerk, authorized to accept on behalf of Superintendent of Corporations, 941 North Capitol Street, NE, Suite 1100, Washington, DC 20002, and paid the statutory service fee of $15.00 by check made payable to the D.C. Treasurer. Described herein:

| | |
|---|---|
| SEX- | FEMALE |
| AGE- | 40 |
| HEIGHT- | 5'6" |
| HAIR- | BLACK |
| WEIGHT- | 150 |
| COLOR- | BLACK |

    I do solemnly declare and affirm under the penalty of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

DANIEL F. PORTNOY
Our File#- 164077

**06 0639**

SUBSCRIBED and SWORN to before me this 5th day of January, 2006.

Angela H Croson
Notary Public

My Commission expires: 03-31-09

FILED
APR - 6 2006


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case: 2005 CA 009097 B

**Exhibit 6**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ARDESHIR YAZDANI      )
1645 Q Street, N.W.      )
Washington, D.C. 20009    )
                  )

    Plaintiff,        )

    v.               )   Civil Action No. 05ca009097B
                  )   (FHW)
ACCESS ATM        )
10681 Haddington Dr    )
Ste. 190             )
Houston, TX 77043-3239  )

    Defendant.      )



FILED
CIVIL ACTIONS BRANCH
FEB 17 2006
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### MOTION TO APPEAR *PRO HAC VICE*

Attorney Harvey S. Williams, counsel for plaintiff Ardeshir Yazdani, does hereby

move pursuant to Superior Ct. Civ. Rule 101 for the permission of the court for Robert S.

Madancy Jr., Esq. to appear *pro hac vice* in the above captioned lawsuit. As evidenced

by the Declaration attached hereto as Exhibit 1, Mr. Madancy is a member of good

standing in the Virginia Bar. Because defendant has not answered the Complaint or

Amended Complaint, plaintiff had no individual or party from which to seek consent to

the appearance.

**06 0639**

WHEREFORE, movant prays that the Court enter an Order granting permission

for Robert S. Madancy Jr., Esq. to appear *pro hac vice* on behalf of plaintiff Ardeshir

Yazdani, and waiving the requirement that attorney Williams attend all proceedings.

Respectfully submitted,

ARDESHI YAZDANI
By Counsel

FILED

APR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Exhibit 7**

_Harvey S. Will_

Harvey S. Williams
Unified Bar No. 437147
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite. 225
Washington, D.C. 20009
Tel (202) 462-5900
Fax (202) 462-5904

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Appear *Pro Hac Vice*, proposed Order, and Form 8 Application To Appear *Pro Hac Vice* was sent this ___17th___ day of February, 2006, by first-class mail, postage prepaid, to Access ATM, 10681 Haddington Drive, Ste. 190, Houston, TX 77043-3239, Defendant; and to Access ATM c/o Mayor for the District of Columbia, via Superintendent of Corporations, 941 North Capitol Street, N.E., Ste. 1100, Washington, D.C. 20002; and that a copy of same was attached to the original filing to be delivered to the Honorable Frederick H. Weisberg, Chambers 5600, Superior Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C. 20001.

_Harvey S. Will_

Harvey S. Williams

2

967490 VANCES 03/02/2006 1:59:37 PM



## District of Columbia Court of Appeals
### Committee on Unauthorized Practice of Law
500 Indiana Avenue, N.W.
Washington, D. C. 20001
202/879-2777

### R E C E I P T

MOTION TO APPEAR PRO HAC VICE

of  Robert S. Madaney Jr.
        Name of Attorney

Case No. 05ca009097B

Ardeshir Yazdani vs

Access ATM

The District of Columbia Court of Appeals Committee on
Unauthorized Practice of Law, in accordance with the provisions
of D.C. App. Rule 49(c)(7), has received a copy of the motion
to appear pro hac vice and the required filing fee.  As of this
date, the Committee's records indicate that the attorney has
not applied for admission pro hac vice in more than five (5)
cases in the courts of the District of Columbia this calendar
year.

2/17/2006
Date                    for the
                        Committee on Unauthorized Practice of Law
                        Room 4200 - 202/879-2777



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ARDESHIR YAZDANI                )
1645 Q Street, N.W.             )
Washington, D.C. 20009          )
                                )
      Plaintiff,                )
                                )
      v.                        )      **Civil Action No. 05ca009097B**
                                )      **(FHW)**
ACCESS ATM                      )
10681 Haddington Dr.            )
Ste. 190                        )
Houston, TX 77043-3239          )
                                )
      Defendant.                )

### ORDER

Upon consideration of plaintiff's Motion to Appear *Pro Hac Vice*, for the admission *pro hac vice* of Robert S. Madancy, Jr. as counsel on behalf of Ardeshir Yazdani, it is this _____ day of _____, 2006,

ORDERED, that the motion be, and the same hereby is GRANTED; and it is further

ORDERED, that Robert S. Madancy, Jr. is specially admitted to practice in the District of Columbia before this Court for the purposes of appearing and participating in the above-captioned case as counsel on behalf of Ardeshir Yazdani; and it is further

ORDERED, that local counsel, Harvey S. Williams, is not required to be present at proceedings in this matter.

_____
The Hon. Frederick H. Weisberg
Judge, Superior Court for the
District of Columbia





COPIES TO:

Harvey S. Williams, Esq.
Robert S. Madancy, Jr., Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Ste. 225
Washington, D.C. 20009

*Counsel for Plaintiff*
Ardeshir Yazdani

      and

Access ATM
10681 Haddington Drive
Ste. 190
Houston, TX 77043-3239

      and

Access ATM
c/o Superintendent of Corporations
941 North Capitol Street, N.E.
Ste. 1100
Washington, D.C. 20002

*Defendant*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **ARDESHIR YAZDANI** | ) | |
| 1645 Q Street, N.W. | ) | |
| Washington, D.C. 20009 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05ca009097B** |
| | ) | **(FHW)** |
| **ACCESS ATM** | ) | |
| 10681 Haddington Dr. | ) | **APPLICATION TO APPEAR** |
| Ste. 190 | ) | ***PRO HAC VICE*** |
| Houston, TX 77043-3239 | ) | |
| | ) | |
| **Defendant.** | ) | |

I declare under penalty of perjury:

(1)  That I have not applied for admission *pro hac vice* in more than five cases in courts of the District of Columbia this calendar year;

(2)  That I am a member in good standing of the highest court(s) of the State of Virginia (VSB# 45597);

(3)  That there are no disciplinary complaints pending against me for violation of the rules of the courts of those states;

(4)  That I have not been suspended or disbarred for disciplinary reasons from practice in any court;

(5)  That I am associated with Harvey S. Williams, Esquire, D.C. Bar No. 437147, Law Office of Harvey S. Williams, 1666 Connecticut Avenue, N.W., Ste. 225, Washington, D.C. 20009, Tel. No. (202) 462-5900, Fax No. (202) 462-5904;

(6)  That I do not practice or hold out to practice law in the District of Columbia; and

(7)  That I have read all of the rules of the relevant division of the Superior Court of the District of Columbia and the District of Columbia Court of Appeals, and have complied fully with District of Columbia Court of Appeals Rule 49 and, as applicable, Super. Ct. Civ. R. 101. The reason I am applying for admission *pro hac vice* is as follows: to act as co-counsel with D.C. Bar Member Harvey S. Williams (#437147) on behalf of the plaintiff in the case of *Ardeshir Yazdani v. Access ATM*, Civil Action No. 05ca009097B.



I acknowledge the jurisdiction of the courts of the District of Columbia over my professional conduct, and I agree to be bound by the District of Columbia Court of Appeals Rules of Professional Conduct, in this matter, if I am admitted *pro hac vice*. I have applied for admission pro hac vice in the courts of the District of Columbia 0 times previously in this calendar year.

I attach hereto the receipt issued by the District of Columbia Court of Appeals Committee on the Unauthorized Practice of Law as proof of my prior payment of the *pro hac vice* fee.

Signature

ROBERT S. MADANCY JR.
Print Name

2/17/06
Date

Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite 225
Washington, D.C. 20009
Tel. No. (202) 462-5900

2

967490 VANCES 03/02/2006 1:59:37 PM

# Superior Court of the District of Columbia

## CIVIL DIVISION

### PRAECIPE

☒ CIVIL ACTION JM-170

☐ LANDLORD AND TENANT JM-255

☐ SMALL CLAIMS JM

The ___17ᵗ___ Day of ___February___, 20_06_

___Ardeshir Yazdani___
Plaintiff                                    vs.

___Access ATM___
Defendant

___05 CA 9878___
Case Number

The Clerk of said Court will ___Enter the Appearance of Robert Madancy, Esq. to Appear at all Proceedings on Behalf of Plaintiff___

**06 0639**

**FILED**

APR - 6 2006

| Attorney for Defendant | | Attorney for Plaintiff | |
|---|---|---|---|
| N/A - in default | | Harvey S. Williams ~~Robert Madancy~~ | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |
| Address | | Address 1666 Connecticut Ave. NW Ste 225 Washington, DC 20009 | |
| | | | |
| Phone No. | Bar No. | Phone No. 202 462 5900 | Bar No. 437147 |

Form CV-358/Jul. 00

Exhibit 8

967490 VANCES 03/02/2006 1:59:37 PM

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ARDESHIR YAZDANI )
1645 Q Street, N.W. )
Washington, D.C. 20009 )
)
    Plaintiff, )
)
    v. )      Civil Action No. 05ca009097B
)            (FHW)
ACCESS ATM )
10681 Haddington Dr. )
Ste. 190 )
Houston, TX 77043-3239 )
)
    Defendant. )

```
                              FILED
                         CIVIL ACTIONS BRANCH

                            FEB 2 2 2006

                         SUPERIOR COURT
                    OF THE DISTRICT OF COLUMBIA
                         WASHINGTON, DC
```

### ORDER

Upon consideration of plaintiff's Motion to Appear *Pro Hac Vice*, for the admission *pro hac vice* of Robert S. Madancy, Jr. as counsel on behalf of Ardeshir Yazdani, it is this _21_ day of _February_, 2006,

ORDERED, that the motion be, and the same hereby is GRANTED; and it is further

ORDERED, that Robert S. Madancy, Jr. is specially admitted to practice in the District of Columbia before this Court for the purposes of appearing and participating in the above-captioned case as counsel on behalf of Ardeshir Yazdani; and it is further

ORDERED, that local counsel, Harvey S. Williams, is not required to be present at proceedings in this matter.

```
                                         06 0639

                                        FILED

                                    APR - 6 2006

                         NANCY MAYER WHITTINGTON, CLERK
                              U.S. DISTRICT COURT
```

**DOCKETED In Chambers**    FEB 2 1 2006

**MAILED From Chambers**    FEB 2 2 2006

                The Hon. ~~Frederick H. Weisberg~~ John E. Retchi.
                Judge, Superior Court for the
                District of Columbia



**Exhibit 9**

COPIES TO:

Harvey S. Williams, Esq.
Robert S. Madancy, Jr., Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Ste. 225
Washington, D.C. 20009

*Counsel for Plaintiff*
Ardeshir Yazdani

       and

Access ATM
10681 Haddington Drive
Ste. 190
Houston, TX 77043-3239

       and

Access ATM
c/o Superintendent of Corporations
941 North Capitol Street, N.E.
Ste. 1100
Washington, D.C. 20002

*Defendant*

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

February 21, 2006

CASE NAME:    ARDESHIR YAZDANI Vs. ACCESS ATM

CASE NO.    2005 CA 009097 B

The above-captioned Civil Actions case has been scheduled for Ex Parte Proof Hearing on the date and time shown below. All parties shall appear before Judge JUDITH E RETCHIN

HEARING DATE: Friday, April 07, 2006

TIME: 11:00 am

LOCATION:  500 Indiana Avenue N.W.
           Courtroom 220
           WASHINGTON, DC 20001

### PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.

Civil Division

06 0639

FILED

APR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Exhibit 10**