UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARDESHIR YAZDANI      ) | |
|    ) | |
|  Plaintiff,    ) | |
|    ) | |
| v.                    ) | Civil Action No. 06-639 |
|    ) |   (CKK) |
| ACCESS ATM           ) | |
|    ) | |
|  Defendant.    ) | |

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff, through counsel, does hereby move this Court to remand the above captioned action back to the District of Columbia Superior Court on the grounds that the Notice of Removal was filed more than 30 days after receipt of the pleadings and was, thus, untimely. Plaintiff further moves that he be granted costs and reasonable attorney fees incurred as a result of the improper removal. In support of his Motion, plaintiff hereby incorporates the accompanying Memorandum of Points and Authorities.

Counsel for defendant was contacted pursuant to LCvR 7(m), but consent was not obtained.

Respectfully submitted,

ARDESHI YAZDANI
By Counsel
   /S/
_____
Harvey S. Williams
Unified Bar No. 437147
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W., Ste. 225
Washington, D.C. 20009
Tel (202) 462-5900
Fax (202) 462-5904

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARDESHIR YAZDANI            ) | |
|                             ) | |
|    Plaintiff,                ) | |
|                             ) | |
| v.                          ) | Civil Action No. 06-639 |
|                             ) | (CKK) |
| ACCESS ATM                  ) | |
|                             ) | |
|    Defendant.               ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR REMAND**

**Background**

1. On November 18, 2005, plaintiff filed suit in the District of Columbia Superior Court against defendant, Access ATM, a Texas corporation having no registered agent in the District, for claims arising out of a fraud committed within the District of Columbia. On December 30, 2005 plaintiff filed an Amended Complaint.

2. On January 4, 2006, service upon Access was made pursuant to D.C. Code § 29-101.12 (b) by service of copies of the Initial Order, Summons, Complaint, Amended Complaint and Affidavit, care of the Mayor of the District of Columbia on behalf of the Superintendent of Corporations. Attached as Exhibit 1 is the Affidavit of Service from Daniel Portnoy of Capitol Process Service.

3. On January 25, 2006, the Superintendent of Corporations on behalf of the Mayor's office sent copies of the Initial Order, Summons, Complaint, and Amended Complaint to Access ATM in Texas by certified mail, return receipt requested.

4. On *February 21, 2006*, Access ATM accepted delivery of the documents identified above. *See* Exhibit 2, Affidavit of Carrie Evans (attesting to the delivery and acceptance of Initial Order, Summons, Complaint, and Amended Complaint).

5. The Certified Mail Receipt returned to the Mayor's office shows that Defendant received notice via certified mail on February 21, 2006. *See* Exhibit 3, Return receipt showing documents accepted by Access ATM on February 21, 2006.

**The Removal Notice**

6. On April 7, 2006, a hearing to determine the quantum of damages due to plaintiff was scheduled in Superior Court before the Honorable Judith E. Retchin for 11:00 a.m.

7. After the Clerk's Office was closed on April 6, 2006, Access ATM filed a notice of removal to this court.

8. As grounds for removal, defendant stated, "On or about *March 10, 2006*, the Mayor served a copy of the Complaint, Amended Complaint, Initial Order, and Summons on Access." Notice of Removal at ¶4 (emphasis added). Defendant provided no documentation in support of this averment, which was untrue. *See*, Exhibits 2 and 3.

9. Plaintiff has incurred expenses including attorney's fees, because of the improper removal.

**Argument**

**Standard for Removal**

A defendant desiring to remove a civil action from a State court shall file in the district court of the United States for the district and division within such action is

2

pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446 (a).

The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based." 28 U.S.C. § 1446 (b). "The time limitations in 28 U.S.C. Section 1446 are mandatory and must be strictly construed in accordance with the computation principles of in Federal Rule of Civil Procedure 6." *See Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D. Fla. 1993)(Thirty-day time period is mandatory and may not be extended by the court)(citing *Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y. 1968); *S.M. v. Jones*, 794 F.Supp. 638, 639 (W.D. Tex. 1992)(citing 14A WRIGHT, MILLER AND COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3732)(internal punctuation omitted).

If a notice of removal is untimely, the action should be remanded to the State Court. *See Phillips v. Corrections Corp. of America*, 407 F.Supp.2d 18 (D.D.C. 2005)(remanding where notice filed beyond thirty day period); *Stone St. Capital v. McDonald's Corp.*, 300 F.Supp.2d 345 (D.C. Md. 2003) (remand granted where unsuccessful electronic filing of notice on last day of 30-day filing period deemed untimely*) and S.M. v. Jones*, 794 F.Supp. 638, 639 (W.D. Tex. 1992)(remanding as untimely when notice for removal filed on 31st day after receiving notice).

### **Defendant's Notice of Removal is Untimely**

Defendant claims to have received a "copy of the Complaint, Amended Complaint, Initial Order, and Summons on Access" from the Mayor "on or about March 10, 2005." Notice of Removal at ¶4. Exhibits 2 and 3 prove that defendant actually

3

received notice via certified mail on February 21, 2006. Thirty Days from February 21 is March 23, 2006. Thus, notice of removal had to be filed by March 23, 2006 to meet the statutory time requirement. Defendant's notice of removal was not filed until April 7, 2006, and is untimely.

Because defendants notice is untimely, the case must be remanded back to the District of Columbia Superior Court. *See e.g. Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D. Fla. 1993)(Thirty -day time period is mandatory and may not be extended by the court)(*citing Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y. 1968).

### **Plaintiffs are Entitled to Costs and Reasonable Attorney Fees Resulting from Removal**

"If a court decides to remand a case, that court may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." *See Coors v. Truck Insurance Exchange*, 383 F.Supp. 2d 93, 95 (D.D.C. 2005) (awarding $10, 641 in attorney fees and costs). "A showing of bad faith is no longer necessary as a predicate to an award of attorney's fees, since the intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking improper removals." *Liebig v. DeJoy*, 814 F.Supp. 1074, 1077 (M.D. Fla. 1993)(reviewing decisions from the 2d and 9th Circuits).

The award of attorney's fees and costs can be levied jointly against the client and the attorney. *See e.g. Wisconsin v. Missionaries to Preborn*, 798 F.Supp. 542 (E.D.Wis. 1992)(court has discretion to impose costs and expenses against attorneys for filing baseless papers or pleadings); *Children's Village v. Greenburgh Eleven Teacher's Union Fed'n of Teachers, Local 1532*, 867 F.Supp. 245 (S.D.N.Y. 1994)($5000 award of attorney's fees to be paid by union or its counsel).

4

Defendant has admitted that they received notice from the Mayor's office, but deliberately misrepresented the date on which notice was received. Notice of Removal at ¶4. The return receipt shows that notice was received on February 21, seventeen days prior to the March 10th date certified by defendant. At the time the Notice of Removal was filed, defendant knew that the Notice was untimely, improper and likely to cause plaintiff unnecessary expense. In addition to incurring expenses and attorney's fees in challenging this improper removal, plaintiff incurred unnecessary expenses in appearing for the Superior Court damages hearing which had not been cancelled by the Court.

### Conclusion

Defendant Access ATM has improperly removed his case from the District of Columbia Superior Court by filing its Notice of Removal well beyond the 30 days allowed for such removal by 28 U.S.C. § 1446 (b). As such, the District Court does not properly have jurisdiction and the case must be remanded. Plaintiff has incurred unnecessary costs as a result of the improper removal, including the unnecessary appearance at the scheduled hearing on April 7, 2006. Plaintiff should therefore be awarded costs and attorney fees resulting from the improper removal.

WHEREFORE, plaintiff respectfully requests (i) that this case be remanded to the Superior Court; (ii) that plaintiff be awarded attorney's fees and costs associated with this improper removal; and (iii) that plaintiff's counsel submit a Petition for Attorney's Fees and Costs in accordance with LCvR 54.1 and 54.2 within 14 days of this court's Order of Remand.

                Respectfully submitted,

                ARDESHI YAZDANI
                By Counsel

                                             */S/*
                                      Harvey S. Williams
Unified Bar No. 437147
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Ste. 225
Washington, D.C.  20009
Tel (202) 462-5900
Fax (202) 462-5904

Counsel for Plaintiff

6