UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARDESHIR YAZDANI,**<br><br>　　　　　　　　Plaintiff,<br><br>and<br><br>**ACCESS ATM,**<br><br>　　　　　　　　Defendant. | **Civil Action No. 06-639**<br><br>The Honorable C. Kollar-Kotelly |

**NOTICE OF CONSENT TO MOTION TO REMAND
WITH EACH PARTY BEARING ITS OWN COSTS**

　　　　Defendant Access ATM ("Access") respectfully notifies the Court of its consent to remand this matter to the Superior Court for the District of Columbia with each party bearing its own costs and fees associated with removal. With its consent, Access hereby reserves all rights it would be afforded in a proceeding before this Court.

　　　　Access opposes the Plaintiff's request for the imposition of attorney's fees and costs. Pl.'s Mot. 4-5. Such an award is improper because removal of this matter by Access was completed in good faith and upon its reasonable belief that service of the Complaint had occurred less than 30 days prior to removal. *See Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 303 (D.D.C. 2005) (denying award of fees and costs because award appropriate only if removal was frivolous or in bad faith). Because Access is a Texas corporation with no registered agent in the District of Columbia, service was effected through the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"). Prior to removal, counsel for Access attempted to determine the exact date of service by reviewing the court file in D.C. Superior Court, but counsel was

1

informed by the Clerk of Court that the court file was unavailable. Moreover, a follow-up investigation revealed that Proof of Service upon Access by DCRA, which would have revealed the February 21, 2006 service date, was not filed with D.C. Superior Court. Unable to determine the date of service from court records, Access removed the matter based on the best recollection of its President as to when Access received notice of the Complaint.[1]

In these circumstances, where an out-of-state defendant's removal was based upon its good-faith, reasonable belief that removal was timely, and the defendant consents to remand when the removal is shown to be untimely, each party should bear its own costs and expenses. *Ibrahim v. 1417 N Street Assocs., L.P.*, 950 F. Supp. 406, 408 (D.D.C. 1997) (award of fees and costs inappropriate where defendants' untimely removal was neither frivolous or in bad faith and no evidence exists that defendants sought to delay case).

Dated: May 9, 2006                         Respectfully submitted,

*/s/ Kathryne Love*
Kevin Abikoff (DC Bar 419826)
Kathryne Love (DC Bar No. 479644)
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646

---

[1] Plaintiff's claim that Access "deliberately misrepresented" the date on which notice was received is unsupported. Pl.'s Mot. 5. Access will receive no benefit from the procedural delay and expense occasioned by removal and remand of this matter.