UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARDESHIR YAZDANI           ) | |
|           ) | |
|       **Plaintiff,**           ) | |
|           ) | |
| v.                        ) | Civil Action No. 06-639 |
|           ) | (CKK) |
| ACCESS ATM                ) | |
|           ) | |
|       **Defendant.**           ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
ATTORNEY'S FEES AND COSTS**

Defendant consents to the remand of this case, but opposes plaintiff's request for attorney's fees and costs associated with the improper removal. Defendant maintains that such an award is improper because the removal was neither frivolous nor made in bad faith. Plaintiff's motion for fees and costs should be granted because (1) "bad faith" is unnecessary for an award of attorneys' fees, and (2) the facts of this case clearly indicate that the removal was improper.

**Bad Faith Unnecessary For Attorney Fee Award**

Defendant's defense that the removal was not made in bad faith, even if true, is not relevant. "[A] showing of bad faith is no longer necessary as a predicate to an award of attorney's fees, since the intent of the statute is to reimburse Plaintiffs who have incurred expenses in attacking *improper* removals." *Liebig v. DeJoy*, 814 F.Supp. 1074, 1077 (M.D. Fla. 1993)(emphasis added), *see also Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993)(finding of improper purpose not necessary to support award of costs and fees); *Moore v. Permanente Medical Group*, 981 F.2d 443, 448 (9th Cir. 1992)(bad faith need not be demonstrated to award fees); *Miller v. Carelink Health*

*Plans, Inc.*, 82 F.Supp.2d 574, 578 (S.D. W.Va. 2000)("trend among the circuits construing the amended version of §1447(c) is to award attorney fees without reference to a particular state of mind or improper purpose on the part of the removing party")(internal punctuation omitted); *Martyak v. Martyak*, 378 F.Supp. 2d 1365, 1369 (S.D.Fla. 2005)(awarding $8,850 in attorneys' fees after noting that purpose of § 1447(c) is to reimburse plaintiffs who have incurred expenses attacking improper removals).

The commentary to the 1988 revision of 28 U.S.C. § 1447 emphasizes that its goal is to deter improper removal. *See 28 U.S.C. § 1447, Commentary on 1988 revision by David D. Siegel and Morgan Guaranty Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992)(1988 amendment deleted requirement that case be "removed improvidently" and specified that attorneys' fees are part of costs that can be awarded). The Second Circuit has noted that the simplicity of the removal procedure[1] "exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it. Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal . . . ." *Circle Industries USA, Inc. v. Park Constr. Group*, 183 F.3d 105, 109 (2d Cir. 1999). The importance of the date of receipt of suit papers to the removal notice and the simplicity of the procedure mandates certainty in the filing – hence the statutory requirement that a notice of removal be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." 28 U.S.C. § 1446(a). Defendant has caused the unnecessary expenditure of time and money by filing a baseless notice of

---

[1] Removal is done *ex parte*, without need of court order, simply by filing a signed notice of removal in the United States district court.

removal, and plaintiff therefore deserves an award of costs and attorneys' fees occasioned by the improper removal.

**Defendant's Cases Are Inapposite**

The cases cited by defendant in support of its position present vastly different factual scenarios than the one before this court and only stand for the proposition that a court may elect to exercise its discretion not to award fees when the removal notice is premised on a valid, but ultimately incorrect, *interpretation of law.* In *Bhagwanani v. Howard University*, 355 F.Supp.2d 294 (D.D.C. 2005), the defendants premised their (timely) removal on their interpretation that a federal issue in a state law cause of action conferred federal-question jurisdiction. After a lengthy analysis, the Court determined that federal jurisdiction did not lie and that remand was required. In refusing to award fees and costs, the court noted that the removal fell into "an area of uncertain jurisdiction" and was far afield from the sort of removal where an award of fees would be appropriate.

In *Ibrahim v. 1417 N. St. Assocs., L.P.*, 950 F.Supp. 406 (D.D.C. 1997), the defendants premised their removal on the understandable presumption that the removal clock began ticking when they were served with the summons and complaint. However, the court remanded after determining that the statutory 30-day removal window began on the date the defendants *received* a courtesy copy of the complaint–thirty days prior to the date they were served. The Court noted that an award of costs is "usually appropriate only when the nonremovability of the action is obvious." *Id*. at 408. Noting that other district courts had reached different interpretations of 28 U.S.C. 1446(b), the Court was

3

"reluctant" to award fees because "[d]efendants' filings have been perfectly appropriate; this Court has simply found against them on the legal interpretation of the statute." *Id.*

**Removal Was Improper**

Here, the non-removability of the case is obvious. Defendant knew or should have known when it received the suit papers, and if it did not know, it could have easily ascertained the date by calling the D.C. Department of Consumer and Regulatory Affairs ("DCRA")[2]. Plaintiff was able to ascertain the date Access received the suit papers by making one telephone call to DCRA – a task defendant easily could have accomplished. Defendant's "good faith belief" that removal was timely is insufficient to avoid an award of attorney's fees for improper removal. See discussion, pp. 1-3, *infra.*

Even if a good-faith belief was a defense, defendant has provided no evidentiary support for its contention. Defendant has not provided any affidavit from Access personnel explaining the origin of the fictitious date, and has provided no affidavit from the individual who signed the green postal receipt, as to what happened to the papers after they were received. The "best recollection of the President as to when Access received notice" is unsupported by affidavit or explanation as to the efforts made to make this determination and is otherwise incredible.[3] Defendant's lack of diligence in ascertaining the actual date that notice was received is evidence of bad faith, and the inclusion of a made-up date renders the filing frivolous. Unlike *Ibrahim*, there was no interpretation of

---

[2] Defendant suggests that the Superior Court file was somehow incomplete because DCRA did not file the postal receipt showing receipt by Access. This is a particularly disingenuous argument because the DCRA has no obligation to file the green card with Superior Court. The appropriate affidavit of service upon the Superintendent of Corporations was filed in accordance with Superior Court Rule 4(l). *See* Exh. 1 to Plaintiff's Motion.

[3] It is highly unlikely the President of the company would have any recollection of when any papers are ever received by the corporation. Papers are undoubtedly signed in by lower-ranking individuals.

4

a statute involved. Defendant obviously sought to gain a distinct advantage by removing the case to federal court[4] and avoiding the damages hearing set for April 7 in Superior Court. Defendant filed its eleventh-hour notice of removal on April 6, the night before the scheduled hearing, thereby successfully delaying the hearing and causing plaintiff unnecessary expense and delay. Before defendant decided to effect a removal, defendant, and counsel, had a duty to discover the proper date of receipt. In the absence of evidentiary support for its claim that the papers were received "on or about March 10," defendant's petition violated Fed.R.Civ.P. 11(b)(3) and 28 U.S.C. § 1446(a).

In view of the above, defendant's suggestion that each party bear their own costs is patently unjust to plaintiff. Through no fault of his own, plaintiff and his counsel wasted a day in court for a damages hearing that did not occur, and incurred the unnecessary delay and expense for a removal which defendant now concedes was improper. Fairness dictates that between the two parties, the fees and costs occasioned by the improper removal should be fully borne by the defendant.

**Remedy**

Plaintiff requests that the court remand the case and retain jurisdiction to award attorney's fees and costs. This court retains jurisdiction over an award of attorneys' fees as a collateral matter after remand. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 156-57 (6th Cir. 1997); *Mints v. Educational Testing Service*, 99 F.3d 1253, 1258 (3d Cir. 1996); *Moore v. Permanente Medical Group*, 981 F.2d 443, 445 (9th Cir. 1992).

---

[4] Defendant contends that "Access will receive no benefit from the procedural delay and expense occasioned by removal *and remand* of this matter." Defendant's Motion at n.1 (emphasis added). While it is true that defendant will gain no benefit from the remand, defendant certainly intended to receive some benefit from the removal.

Plaintiff's attorneys are entitled to be compensated at the current *Laffey* rate, or more if that is what they actually bill their clients. *Coors v. Truck Insurance Exchange*, 383 F.Supp. 2d 93, 98 (D.D.C. 2005)(awarding $10, 641 in costs and fees after improper removal). Plaintiff requests 14 days following this court's order, as provided in Fed.R.Civ.P. 54(d)(2) to file his petition.

**Conclusion**

Plaintiff respectfully requests that the court enter an order remanding the case and retaining jurisdiction to determine the appropriate amount of attorneys' fees and costs.

Respectfully submitted,

ARDESHI YAZDANI
By Counsel


_/S/Harvey S. Williams_
Harvey S. Williams
Unified Bar No. 437147
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Ste. 225
Washington, D.C. 20009
Tel (202) 462-5900
Fax (202) 462-5904

Counsel for Plaintiff

6