UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARDESHIR YAZDANI,<br><br>    Plaintiff,<br><br>    v.<br><br>ACCESS ATM,<br><br>    Defendant. | Civil Action No. 06–639 (CKK) |

**ORDER**
(May 16, 2006)

On April 26, 2006, Plaintiff Ardeshir Yazdani moved to remand the instant case back to the District of Columbia Superior Court on the grounds that the Notice of Removal was filed more than 30 days after receipt of the pleadings and was, thus, untimely. *See* [5] Plaintiff's Motion for Remand. Plaintiff also requested that he be granted reasonable attorneys fees and costs incurred as a result of improper removal. On May 9, 2006, Defendant Access ATM indicated that it consented to remand in its [10] Notice of Consent to Motion to Remand with Each Party Bearing its Own Costs. However, Defendant argues that because removal was not executed in bad faith, each party should pay its own associated costs and expenses. On May 12, 2006, Plaintiff filed [11] Plaintiff's Reply in Support of Motion for Attorney's Fees and Costs, arguing that because removal was improper, it is unnecessary to demonstrate bad faith, and a court may retain jurisdiction over an award of attorneys fees as a collateral matter after remand, that attorneys fees and costs should be awarded to Plaintiff in the instant case.

The Court shall remand the instant case to the District of Columbia Superior Court per the consent of the Parties. Pursuant to 28 U.S.C. § 1447(c), "An order remanding the case may

require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Thus, under a plain reading of the statute and an assessment of relevant case law from other circuits in the absence of guidance from the instant circuit, the instant Court may retain jurisdiction over the awarding of attorneys fees and costs related to removal even after the case has been remanded to Superior Court. *See Stallworth v. Greater Cleveland Regional Transit* Authority, 105 F.3d 252, 256 (6th Cir. 1997); Mints *v. Educational Testing Service*, 99 F.3d 1253, 1258 (3d Cir. 1996); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). In this case, determination of whether granting attorneys fees and costs incurred as a result of removal is appropriate, and if so, what amount should be awarded, shall be referred to Magistrate Judge John M. Facciola pursuant to Local Rule 72.2.

Accordingly, it is this 16th day of May, 2006, hereby

ORDERED that Plaintiff's [5] Motion for Remand is GRANTED IN PART such that the instant case is REMANDED to the District of Columbia Superior Court; it is also

ORDERED that the ISC scheduled for May 17, 2006, is vacated; it is also

ORDERED that whether granting attorneys fees and costs incurred as a result of removal is appropriate, and if so, what amount should be awarded, shall be referred to Magistrate Judge John M. Facciola pursuant to Local Rule 72.2; it is also

ORDERED that a certified copy of this Order shall be mailed by the clerk of this Court to the clerk of the District of Columbia Superior Court pursuant to 28 U.S.C. § 1447(c).

                                                                           /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge