UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARDESHIR YAZDANI,<br><br>  Plaintiff,<br><br>  v.<br><br>ACCESS ATM,<br><br>  Defendant. | Civil Action No. 06-639 (CKK/JMF) |

MEMORANDUM OPINION

This case was referred to me for resolution of whether an award of attorneys' fees and costs incurred as a result of the removal of this case to the Superior Court of the District of Columbia is appropriate.

BACKGROUND

On November 18, 2005, plaintiff Ardeshir Yazdani filed suit in Superior Court against defendant Access ATM, alleging breach of contract. On December 30, 2005, plaintiff filed an amended complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act. On January 4, 2006, the complaint, amended complaint, initial order, and summons were served on the Mayor of the District of Columbia. On January 25, 2006, the Mayor then served copies of these documents, by certified mail, upon Access ATM. These documents were received by Access ATM on February 21, 2006.[1]

---

[1] Plaintiff's Motion for Remand at Exhibit 2 (Affidavit of Carrie Evans) and Exhibit 3 (Domestic Return Receipt or "green card" from the Postal Service indicating receipt of documents by Access on February 21, 2006).

On April 6, 2006, Access ATM filed a notice of removal with the District Court, claiming that notice had been received on or about March 10, 2006. A hearing was scheduled to take place in Superior Court on April 7, 2006.

On May 16, 2006, Judge Kotelly concluded that defendant's removal to District Court had been untimely and, with the parties' consent, remanded the case to Superior Court. Specifically, Judge Kotelly found, and defendant conceded, that defendant's removal notice had not been filed within thirty days of defendant's receipt of the pleadings.

## ANALYSIS

I.   Removal Pursuant to 28 U.S.C. § 1446

28 U.S.C. § 1446 reads in pertinent part as follows:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b).

Here, the parties do not dispute the fact that defendant's removal notice to the District Court was untimely. Defendant received copies of the pleadings on February 21, 2006. Defendant therefore had until March 23, 2006, to file a notice of removal. Since defendant's removal notice was not filed until April 6, 2006, it was clearly untimely. The only issue for this Court to determine is whether or not the reimbursement of plaintiff's attorneys' fees and costs is

warranted.

II.   Award of Attorneys' Fees and Costs

Pursuant to 28 U.S.C. § 1447(c), attorneys' fees and costs may be awarded upon remand. Although the court has great discretion[2] in determining when an award of attorneys' fees and costs is appropriate, generally an award is "appropriate only when the nonremovability of the action is obvious." Ibrahim v. 1417 N St. Assoc., L.P., 950 F. Supp. 406, 408 (D.D.C. 1997). Accord Johnson-Brown v. 220 M St. LLC, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) ("Courts uniformly have held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court. Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose cost and expenses incurred as a result of the removal.").

In Ibrahim, the parties disputed whether the thirty-day period began to run when service was perfected, as defendant argued, or when defendant simply received a copy of the pleadings, as plaintiff argued. Id. at 407.  The court adopted the "receipt rule," holding that the thirty-day period began when the party received a copy of the complaint and summons. Id. at 407-08. Significantly, the court then held that an award of attorneys' fees and costs was not appropriate because the issue before it was one of statutory construction and that there was therefore no "evidence of either a frivolous filing or bad faith." Id. at 408.  See also Burton v. Coburn, No. 04-CV-965, 2005 WL 607912, at *2 (D.D.C. March 16, 2005) (holding that "[t]he law is well settled that diversity jurisdiction depends on the citizenship of all the members of a partnership" and that therefore an award of attorneys' fees and costs to plaintiff upon remand was

---

[2] See generally Commentary on 1988 Revision of Section 1447.

appropriate); Adolph Coors Co. v. Truck Ins. Exch., No. 04-CV-2150, 2005 WL 486580, at *3 (D.D.C. Feb. 28, 2005) (holding that because "well settled precedent exists for defining the citizenship of an unincorporated entity, which in this case determines diversity," an award of attorneys' fees and costs to plaintiff upon remand was appropriate); Bhagwanani v. Howard Univ., 355 F. Supp. 2d 294, 303-04 (D.D.C. 2005) (holding that "the question of federal jurisdiction over a state cause of action containing a federal issue of law is uniquely 'litigation-provoking' and 'an area of uncertain jurisdiction'" and thus an award of attorneys' fees and costs to plaintiff following remand was not appropriate); Weigert v. Georgetown Univ., 43 F. Supp. 2d 5, 7 (D.D.C. 1999) (holding that even though defendant had notice of the court's decision in Ibrahim, favoring the "receipt rule" as opposed to the "service rule," this did not render the issue of removability so obvious as to warrant the imposition of fees against defendant).

In the case at bar, the parties do not dispute the fact that, pursuant to 28 U.S.C. § 1446, the thirty-day time period begins to run upon "service or otherwise" of a copy of the initial pleading. The only issue is whether or not, in light of the fact that defendant claimed to have received notice on March 10, 2006, when it in fact received notice on February 21, 2006, warrants the imposition of attorneys' fees and costs. I conclude that it does. The law in this area is well settled. What happened in this case is merely the result of sloppy lawyering. As plaintiff notes, defendant should have been able to discern the exact date it received service of the pleadings. A phone call to the Mayor's office (or even simply to plaintiff's counsel) would have provided defendant with the information it sought.[3] Instead, defendant chose to rely solely on the

---

[3] That defendant attempted to determine the date of service by reviewing the Superior Court case file is simply of no moment. In order to file a timely removal notice, defendant needed to ascertain the exact date of service. Simply put, because defendant failed to do so, it

memory of its president. For that, defendant will now have to reimburse plaintiff's attorneys' fees and costs.

## CONCLUSION

In this case, I conclude that an award of attorneys' fees and costs is appropriate and will therefore order the plaintiff to submit a petition for fees and costs within fourteen days of the date of this Memorandum Opinion and accompanying Order.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:

---

must now suffer the consequences.