UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARDESHIR YAZDANI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-639 |
| | ) | (CKK) |
| ACCESS ATM | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS

The plaintiff, Ardeshir Yazdani, by counsel, files this petition for attorney's fees and costs in accordance with this Court's Order, dated October 27, 2006. The total fees and costs are $17,160.78, calculated pursuant to the updated *Laffey* Matrix.

In support of this petition, plaintiff incorporates the attached memorandum of law and documentation of fees and expenses.

Respectfully submitted,

ARDESHI YAZDANI
By Counsel


_____/S/_____
Harvey S. Williams
Unified Bar No. 437147
Robert S. Madancy, Jr., *pro hac vice*
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Ste. 225
Washington, D.C. 20009
Tel (202) 462-5900
Fax (202) 462-5904

Counsel for Plaintiff

2

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Plaintiff's Petition for Attorney's Fees and Costs, Memorandum in Support of Petition, and proposed Order was electronically filed and served this 10th day of November, 2006, upon Kevin T. Abikoff and Kathryne Love, Hughes Hubbard & Reed LLP, 1775 I Street, N.W., Washington, D.C. 20006-2401, Counsel for Defendant.

                                                        */S/*
                                          Harvey S. Williams

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARDESHIR YAZDANI )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>ACCESS ATM )<br>)<br>    **Defendant.** ) | Civil Action No. 06-639<br>    (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF YAZDANI'S PETITION FOR ATTORNEY'S FEES AND COSTS**

The plaintiff, Ardeshir Yazdani, by counsel, submits this Memorandum of Points and Authorities in support of his petition for an award of attorneys' fees and expenses pursuant to this Court's Order, dated October 27, 2006.

**Prevailing Market Rates**

Plaintiff's counsel calculated their fees according to the prevailing market rates. Presumptively reasonable prevailing market rates for Washington, D.C. litigators are established by the "*Laffey* Matrix," which was developed twenty years ago in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984). The original *Laffey* Matrix presented a grid which established hourly rates for lawyers of differing levels of experience during the period from June 1, 1981 through May 31, 1982. The Court of Appeals accepted the 1981-1982 matrix in *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (*en banc*), and the parties to that case updated it through May 31, 1989, as part of a settlement, *see Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13 (D.D.C. 2000).

Since 1989, at least two versions of the *Laffey* Matrix have been used as proof of prevailing market rates for federal court litigation services in the Washington, D.C. area. One version is maintained by the Civil Division of the Office of the United States Attorney in Washington, D.C. ("USAO Matrix"). The rates set forth in the USAO Matrix are determined by a conservative methodology — consistent with interest of the United States Attorney's office in keeping the amounts of fee awards against the government to a minimum. That is, the USAO Matrix rates for each year are calculated "by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5." United States Attorney's Office for the District of Columbia, "*Laffey* Matrix 1981-1982," at n. 3, *at* http:www.usdoj.gov/usao/dc/Divisions/Civil_Division/ Laffey_Matrix_l.html.

A second version of the *Laffey* Matrix ("Updated *Laffey* Matrix") has been maintained using a methodology that more accurately depicts prevailing market rates for legal services. That methodology is superior to the USAO Matrix because the annual rate adjustments are "based on the legal services component of the Consumer Price Index rather than the general CPI on which the U.S. Attorney's Office matrix is based." *Salazar*, 123 F. Supp. 2d at 14-15. For this reason, the higher rates established by the Updated *Laffey* Matrix have been upheld by this Court in the face of objections that the USAO *Laffey* Matrix should be determinative of market rates.[1] *Id*. Moreover, this ruling is consistent with the conclusion of the Court of Appeals in *Covington v. District of Columbia,* 57 F.3d 1101 (D.C.Cir/ 1995), that a plaintiff may establish prevailing market

---

[1] As this Court noted in *Salazar*, the rates in the Updated Laffey Matrix are consistent with the rates shown in recent surveys of billing rates at major Washington, D.C. firms. *See* 123 F. Supp. 2d at 14 & n.4.

2

rates by "point[ing] to such evidence as an updated version of the *Laffey* matrix or the U.S. Attorney's Office matrix ...." 57 F.3d at 1109.

It is Plaintiff's submission that application of the current rates contained in the Updated *Laffey* Matrix are entirely appropriate. According to that Matrix, the appropriate hourly rates for Washington, D.C. litigators for 2005 are as follows:

| Experience | Rate |
|---|---|
| 20+ years | $596 |
| 11-19 years | $497 |
| 8-10 years | $441 |
| 4-7 years | $305 |
| 1-3 years | $249 |
| Paralegals & Law Clerks | $136 |

These rates[2], established by the Updated *Laffey* Matrix, have been accepted by this Court as an appropriate measure of prevailing market rates for litigation counsel in the Washington, D.C. area. *See Salazar, supra.*, 123 F. Supp. 2d at 14; *Muldrow v. Re-Direct, Inc.*, 397 F.Supp.2d at 4 (D.D.C. 2005)(Updated *Laffey* Matrix "has gained acceptance in this Circuit").

**Experience, Reputation, and Ability of Attorneys**

Counsel, Harvey S. Williams, has been an attorney for more than twenty years and Robert Madancy for 6 years. Each is well-known in the legal community, each has an excellent reputation, and each has significant accomplishments in the law. A summary of the background of the attorneys involved in the case is as follows:

**A)     Harvey S. Williams, Esq.**

>   Mr. Williams is a 1980 graduate of the Marshall Wythe School of Law, College of William and Mary, where he also received a Masters in Law and Taxation in 1981. Mr. Williams served as Of Counsel to the law firm Canter, Kent and Sullivan of Washington, D.C. from 1983-1986. In 1986,

---

[2] The figures in the chart were applied by the Court in *Muldrow v. Re-Direct, Inc.*, 397 F.Supp.2d 1 (D.D.C. 2005).

3

Mr. Williams began his own firm in Washington, D.C., Virginia and Maryland. Mr. Williams' practice focuses in personal injury, disabilities litigation (ADA, civil rights, fair housing), product liability and nursing home negligence.

Mr. Williams has served as lead counsel in major cases involving the Americans With Disabilities Act, civil rights and product liability. Mr. Williams served as lead counsel in a complex product liability case against SmithKline Beecham involving benzene poisoning in 1997. That case helped define parameters for Daubert analysis in toxic tort cases and federal pre-emption of medical devices in the District of Columbia. *Lakie v. SmithKline Beecham*, 965 F.Supp. 49 (D.D.C. 1997). Presently, Mr. Williams is representing plaintiffs in the Sulzer class action litigation for defective hip implants, and recently obtained injunctive relief against the District of Columbia for a class of 2000 developmentally disabled individuals, *Jane Does I-III v. District of Columbia*, 232 F.R.D. 18 (D.D.C. 2005).

**B)    Robert Madancy, Esq.**

Mr. Williams' associate, Robert Madancy, graduated from Georgetown Law School in 2000 after having served as an author and editor on The Georgetown Law Journal. He published in the Law Journal's Annual Review of Criminal Procedure, 86 Geo. L.J. 1896-1938 (1998), and has been cited by the 5th Cir. for that work. Prior to joining Mr. Williams, Mr. Madancy worked as the sole summer associate for the Washington D.C. firm of Yablonski, Both & Edelman, which maintains an active Supreme Court practice. Before entering the legal profession, Mr. Madancy was a High School English teacher with an undergraduate degree in English Literature and a Masters in Education. He has also worked as a translation editor and ghost writer, bringing exceptional writing skills with him to his career in law. He is a member of the Virginia and 4th Circuit Bars since October, 2000, and has appeared *pro hac vice* before the United States District Court of the District of Columbia.

Plaintiff's time sheets related to the improper removal petition are attached as Exhibit 1. Applying the hourly rates from the Updated *Laffey* Matrix to the hours of plaintiff's attorneys and paralegal results in the following fees:

| | |
|---|---|
| Harvey S. Williams, Esq. | $ 9,217.10 |
| Robert S. Madancy Jr., Esq. | $ 7,695.15 |
| Deeme Katson (paralegal) | $ 125.12 |

The total fees are $ 17,037.37.

The fee amounts do not include the time necessary to prepare this petition. Plaintiffs' counsel did not include in their time entries time spent relating to the preparation of this fee petition and supporting authority even though it is well-settled that reasonable time and expenses spent preparing a fee petition are compensable. This is so because "the fee application is a necessary part of the award of attorney's fees." *Donovan v. CSEA Local Union 1000*, 784 F.2d 98, 106 (2d Cir. 1986); *see also Parker v. Matthews*, 411 F. Supp. 1059, 1066 (DDC 1976), *aff'd.*, 561 F.2d 320 (D.C. Cir. 1977). The uncharged time spent researching and preparing the petition was approximately 3.5 hours.

### **Expenses**

As a part of his award of attorney's fees, a prevailing plaintiff is also entitled to recover costs for certain expenses — such as those for postage, photocopying, travel, telephone, and electronic legal research — normally charged by his attorneys to fee-paying clients. *See, e.g., Brown v. Gray*, 227 F.3d 1278, 1297-98 (10th Cir. 2000). Counsel accrued $ 123.41 in expenses.

### **Conclusion**

For the foregoing reasons, the Court should enter an Order awarding plaintiff attorney's fees and costs in the amount of $ 17,160.78.

                                                  Respectfully submitted,

                                                  ARDESHI YAZDANI
                                                  By Counsel
                                                        /S/
                                                  _____
                                                Harvey S. Williams
                                                Unified Bar No. 437147
                                                Robert S. Madancy, Jr., *pro hac vice*
                                                Law Office of Harvey S. Williams
                                                1666 Connecticut Avenue, N.W., Ste. 225
                                                Washington, D.C.  20009
                                                Tel (202) 462-5900
                                                Fax (202) 462-5904
                                                Counsel for Plaintiff