# EXHIBIT A

Case 1:06-cv-00639-CKK   Document 16-2   Filed 11/22/2006   Page 1 of 17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ARDESHIR YAZDANI,**<br><br>                  Plaintiff,<br><br>  and<br><br>**ACCESS ATM,**<br><br>                  Defendant. | **Civil Action No. 06-639**<br><br>The Honorable J. Facciola |

### ACCESS ATM'S OPPOSITION TO PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS

Defendant Access ATM ("Access") respectfully submits this Opposition to Plaintiff's Petition for Attorney's Fees and Costs (the "Petition").

Through its Petition, Plaintiff seeks to recover more than $17,000 for opposing Access's removal of this case to federal court – an effort which legitimately consisted of nothing more than drafting and filing a five-page brief addressing straightforward issues of law. Plaintiff's excessive fee request stems in large measure from the fact that the Petition is not limited to those fees and costs "expended by [Plaintiff] in opposing the removal of this case from Superior Court to the District Court." (October 27, 2006 Order.) Rather, Plaintiff has sought to recover fees and costs incurred in connection with matters unrelated to Access's removal petition, some of which were incurred *after* Access consented to a remand.

Moreover, Plaintiff's standard of recovery is inappropriate and does not reflect reasonable fees for Plaintiff's counsel. Plaintiff's exaggerated accounting betrays his misguided efforts to recover his claim in earnest – despite his inability to do so in

Superior Court, since his claim was dismissed post-remand for lack of personal jurisdiction.[1] This case involved a straightforward removal issue in which the removing party *consented to remand* – any amount recovered should be nominal and certainly should not approach the amount Plaintiff seeks.

## I.     PLAINTIFF'S REQUESTED FEES AND COSTS ARE OVERINCLUSIVE

The fees and costs detailed in the Petition are excessive because they include charges unrelated to Plaintiff's efforts to oppose Access's attempt to remove this action to federal court – the only matters for which the Court has authorized recovery of costs and fees.  (*See* October 27, 2006 Order (permitting recovery of fees and costs "expended by [Plaintiff] in opposing the removal of this case.").)

Plaintiff should not be permitted to recover costs expended in connection with the Superior Court case.  Such expenses would have been incurred whether or not this case was removed.  Plaintiff alleges that Access should pay more than $2,400 for the time spent by two attorneys (purportedly billing at $588/hour and $305/hour, respectively) in Superior Court on April 7, 2006, despite acknowledging that counsel received notice of removal immediately after it was filed the day before.  Further, counsel would have appeared at the April 7 hearing even if the case had not been removed (although there is no reason why two counsel need have been present); the hearing was an *ex parte* hearing on damages and part of Plaintiff's unsuccessful effort to secure a default judgment.  This Court should not permit Plaintiff to recover such fees that would have been expended in the absence of removal.

---

[1] Plaintiff's claim was dismissed by D.C. Superior Court Judge Judith Retchin on September 5, 2006.  *See* September 5, 2006 Order of Dismissal (Exhibit 1).  This judgment was confirmed by Order dated November 20, 2006.  *See* November 20, 2006 Order issued by D.C. Superior Court Judge Judith Retchin (Exhibit 2) (denying Plaintiff's Motion to Alter or Amend the September 5, 2006 Judgment Dismissing the Case for Lack of Personal Jurisdicition).

Nor should Plaintiff be able to recover fees that should have been incurred in connection with its efforts to fulfill its obligations before Superior Court. The Petition details $584 in fees and costs relating to Plaintiff's efforts in determining *when* Access was served by the Department of D.C. Office of Consumer Affairs ("DCRA") – indeed, obtaining from DCRA the receipt and affidavit showing proof of service upon Access. But Superior Court Rule 4(h)(1) and (m) obligated Plaintiff to obtain this Proof of Service immediately after service and transmit a copy to the Superior Court file.[2]

The Petition also improperly seeks reimbursement for expenses (approximately $8,545) that were incurred either during administrative discussions or *after* Access *consented* to remand. For example, Plaintiff's counsel includes fees for teleconferences held on April 28, 2005 and May 5, 2005. But these discussions simply involved Access's new counsel – the undersigned – explaining to the parties and the Court the transition from Access's previous counsel, seeking a continuance, and subsequently informing Plaintiff of Access's consent to remand. Indeed, Access replaced counsel and immediately took steps to minimize any burden on the parties and the Court which may have been occasioned by an untimely removal. Any time Plaintiff spent on these matters after Access's consent – including the time Plaintiff spent on a six-page reply to Access's four-paragraph Consent to Remand – was not spent opposing removal.

Plainly, a recovery of over $17,000 for "opposing" removal where the removing party consented to remand is <u>incredible</u>. The fees and costs purportedly expended by

---

[2] In July 2006, Access argued successfully to dismiss the default entered against it in D.C. Superior Court, in part because Plaintiff had failed to provide to the Court proof of actual service upon Access. The default was vacated on July 25, 2006. *See* July 25, 2006 Order issued by Superior Court Judge Judith Retchin (Exhibit 3).

3

Plaintiff following its Motion to Remand on April 26, 2006 were either discretionary or unrelated to the opposition of removal and should not be recoverable.

## II.   PLAINTIFF'S RELIANCE ON THE *LAFFEY* MATRIX IS MISPLACED

Plaintiff relies heavily upon the "*Laffey* matrix," *see* Petition at 1-3, in its attempt to recover in excess of $17,000. But Plaintiff's application of the *Laffey* matrix to the straightforward removal issue in this case is misplaced.

The *Laffey* rates are not mandatory; they can be adjusted at the discretion of the court depending on the circumstances of the case. *Ray v. HHS,* No. 04-184V, 2006 WL 1006587, at *8 (Fed. Cl. Mar. 30, 2006). The matrix is commonly applied to determine the rates in complex federal litigation involving fee-shifting statutes and significant amounts of attorney time; courts in this District have significantly reduced the *Laffey* rates in cases involving straightforward matters. *See, e.g., Muldrow v. Re-Direct, Inc.,* 397 F. Supp. 2d 1, 4-5 (D.D.C. 2005) (reducing *Laffey* fees by 25% in single-plaintiff negligence case not vigorously litigated by defendant). [3]

The *Laffey* matrix has also been held unreasonable where counsel charged a contingency fee and where junior associates with little practical experience were billed at the 4-7 years of experience rate. *See Griffin v. Washington Convention Center,* 172 F. Supp. 2d 193, 198-200 (D.D.C. 2001) (Facciola, J.). Here, too, the *Laffey* rates should be significantly reduced. Plaintiff's primary counsel filed an uncomplicated remand motion, *to which Access consented,* involving a timeliness issue that was neither novel nor complex. No evidence exists that the client was in fact billed an hourly rate, and Plaintiff's primary counsel has little practical experience. *See* Petition Ex. 1 ("invoices"

---

[3] Indeed, this Court has noted that no circuit precedent exists for applying *Laffey* rates to the recovery of fees associated with removal, and held that the actual rate charged by counsel is a more appropriate guide. *See Adolph Coors Co. v. Truck Ins. Exch.,* 383 F. Supp. 2d 93, 98 (D.D.C. 2005) (Facciola, J.).

4

dated November 10, 2006 describing fees related to April 2006 removal); Petition at 4 (discussing experience of Robert Madancy).

Finally, Plaintiff's application of the "Updated *Laffey* Matrix," *see* Petition at 2-3, is inappropriate and underscores the Plaintiff's thematic efforts toward exaggerating its fees. The modified matrix referred to by Plaintiff is used in complex litigation involving a significant evidentiary record, which is not the case here. *See McDowell v. District of Columbia,* Case No. 02-1119, 2006 WL 1933809, at *2 (D.D.C. July 11, 2006) (Facciola, J.) (slip op.) (rejecting application of modified matrix in favor of U.S. Attorney's Office matrix because significant evidentiary record not presented). Thus, if the Court finds that the *Laffey* matrix is applicable at all, the appropriate version is the U.S. Attorney's Office matrix, available at http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_5.html.

Given the straightforward issues associated with remanding Plaintiff's claim and the failure of Plaintiff to justify the reasonableness of his proposed rates (based on counsel's experience and the actual amount charged to Plaintiff), even the lower rates reflected in the U.S. Attorney's Office matrix should be significantly reduced and a nominal amount awarded to Plaintiff. Access respectfully submits that, if any fees are due Plaintiff, the amount awarded should not exceed $1,152. This amount includes: 8 hours of Robert Madancy's time (at $195/hour, 1-3 yrs experience) to prepare and file the removal brief, plus 1 hour of Harvey Williams's time (at $360/hour, 11-19 yrs experience) to provide supervisory role, reduced by 40% to reflect the questionable applicability of the *Laffey* rates here, the lack of complexity involved, and the failure of

Plaintiff to show the *Laffey* rates are reasonable in view of what was actually charged to Plaintiff.

\* \* \*

Plaintiff's attempt to pack its Petition with fees and costs that are not directly related to its efforts to oppose removal reflects a last-gasp attempt to secure some measure of recovery from Access in connection with this ill-considered lawsuit. As noted above, Plaintiff's claim was dismissed from D.C. Superior Court on jurisdictional grounds subsequent to remand, and the dismissal was confirmed following Plaintiff's Motion to Alter or Amend Judgment. *See* Exhibits 1 and 2, respectively. While Access is willing to accept those costs legitimately related to its removal efforts, Access should not be required to reimburse Plaintiff for costs incurred in connection with any other aspect of its deficient claim.

Dated: November 22, 2006                                       Respectfully submitted,

                                                               HUGHES HUBBARD & REED LLP


                                                               By:           /s/

                                                               Kevin T. Abikoff (D.C. Bar No. 419826)
                                                               Kathryne Love (D.C. Bar No. 479644)
                                                               1775 I Street, N.W.
                                                               Washington, D.C. 20006-2401
                                                               Telephone: (202) 721-4600
                                                               Facsimile: (202) 721-4646

                                                               *Counsel for Defendant Access ATM*

# EXHIBIT 1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

**Ardeshir Yazdani**

    Plaintiff,    : Civil Action No. 05-9097
              : Calendar 14
v.              : Judith E. Retchin

**ACCESS ATM**

    Defendant.   :

### ORDER
(September 5, 2006)

This matter is before the Court on defendant's motion to dismiss, plaintiff's opposition, defendant's reply memorandum, plaintiff's surreply and supplemental affidavit of Christopher B. Schneider with attachments. For the reasons stated in defendant's submissions, the motion to dismiss is **granted**.

The Court is satisfied there is no personal jurisdiction over defendant for the reasons stated in defendant's motion. Additionally, where there in no evidence that Mr. Williams was an agent of defendant, apparent agency is insufficient; there must be actual agency to bind a principal. Furthermore, even if the Court were to find that defendant authorized Mr. Williams to act on his behalf, which it does not, the contract between Mr. Williams and plaintiff contained an unambiguous forum selection clause which specified that venue for any action arising from the service agreement would be in Houston, Texas. (Plaintiff's Opposition to Motion to Dismiss, Exhibit 2, §XI.)

Order docketed 9-5-06 and copies mailed from chambers to parties indicated above on 9-6-06.



Based on the foregoing, it is this 5th day of September, 2006,

**HEREBY ORDERED** that defendant's motion to dismiss is granted and this case is dismissed with prejudice.

Judith E. Retchin
Associate Judge

Copies to:

Kevin T. Abikoff, Esq.
Kathryne Love, Esq.
Hughes, Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401

Harvey S. Williams, Esq.
Law Offices of Harvey S. Williams
1666 Connecticut Ave., N.W.
Suite 225
Washington, D.C. 20009

# EXHIBIT 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| ARDESHIR YAZDANI, | : |
| Plaintiff, | : Civil Action No. 05-9097 |
| | : Judge Retchin |
| v. | : Calendar 14 |
| ACCESS ATM, | : |
| Defendant. | : |

### ORDER
(November **20**, 2006)

This matter is before the Court on plaintiff's Motion to Alter or Amend the September 5, 2006 Judgement [sic] Dismissing the Case for Lack of Personal Jurisdiction and defendant's Opposition thereto. For the reasons stated in defendant's opposition and for the reasons stated below, the motion to alter or amend the judgment is **denied**.

The Court again concludes that an agency relationship did not exist between Mr. Williams and Access ATM for the reasons noted in the September 5, 2006 Order and in defendant's opposition to the instant motion. The Court reiterates defendant's argument that "[a]dopting Plaintiff's view [regarding agency relationships] would force defendants into costly litigation wherever an individual claimed an association with a corporation, regardless of the defendant's connection with the forum state, in violation of constitutional principles . . ." Defendant's Opposition, page 6.

As in the September 5, 2006 Order, the Court again holds that even if the Court were to find that defendant authorized Mr. Williams to act on its behalf, which it again

Order docketed 11/20/06 and copies mailed from chambers to Parties indicated above on 11/20/06



does not, the contract between Mr. Williams and plaintiff contained an unambiguous forum selection clause which specified that venue for any action arising from the service agreement would be in Houston, Texas. In reaching that conclusion in the September 5, 2006 Order the Court cited to Plaintiff's Opposition to Motion to Dismiss, Exhibit 2, §XI. In his instant motion, plaintiff argues that the Court interpreted the wrong forum selection clause in reaching its decision. See Plaintiff's Motion pages 11-12. In the September 5, 2006 Order, the Court inadvertently cited the wrong exhibit[1] when it intended to cite the forum selection clause in the service agreement[2] entered into between Mr. Williams and plaintiff. This was merely a clerical mistake and does not change the Court's ruling on the forum selection clause. The Court takes this opportunity to correct the clerical mistake.

The forum selection clause in the service agreement entered into between Mr. Williams and plaintiff unambiguously specifies that venue for any action arising from that agreement would be in Houston, Texas. Plaintiff's Motion to Alter or Amend the September 5, 2006, Judgement [sic] Dismissing the Case for Lack of Personal Jurisdiction, Exhibit 4, ¶ 9. If a contract did exist between plaintiff and defendant then any claim arising out of that contract must be brought in Texas due to the forum selection clause.

Plaintiff's argument that the contract is unenforceable due to a lack of consideration is incorrect. If a contract existed, the consideration would be the promise

---

[1] Exhibit 2 of Plaintiff's Opposition to Motion to Dismiss was the independent distributor agreement signed by Mr. Williams and rejected by Access ATM. The independent distributor agreement is attached to plaintiff's instant motion as Exhibit 1.
[2] Exhibit 3, ¶ 9 of Plaintiff's Opposition to Motion to Dismiss was forum selection clause in the service agreement between Mr. Williams and plaintiff. The service agreement is attached to plaintiff's instant motion as Exhibit 4.

2

of the ATM machine in exchange for payment by plaintiff to defendant. That plaintiff never received the ATM machine does not show a lack of consideration, it merely shows that the consideration was not given; that would be a breach of contract and would not void the contract for lack of consideration.

The District of Columbia Court of Appeals has adopted the modern rule for forum selection clauses presented in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972). *Forrest v. Verizon Communs., Inc.*, 805 A.2d 1007, 1009-1010 (D.C. 2002). This modern approach favors forum selection clauses and "such clauses are [now] prima facie valid and [will] be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 1010 (citing *The Bremen*, 407 U.S. at 10)(bracketed language in original). Furthermore, "[a] forum-selection clause will be set aside if it is the product of fraud or overreaching. This is so, however, only where the inclusion of that clause in the contract was the product of fraud or coercion." *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 470 (D.N.J. 1998)(citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) and *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974))(internal quotations omitted). "It is insufficient to allege that one was induced generally to enter into the contract itself as a result of fraud." *National Micrographics Sys. V. Canon U.S.A.*, 825 F. Supp. 671, 675 (D.N.J. 1993). Here, there is no evidence that plaintiff was fraudulently induced to agree to the *forum selection clause* itself. Thus, if a contract did in fact exist between plaintiff and defendant, the forum selection clause would require all claims arising out of the contract to be brought in Texas and not in the District of Columbia.

3

For the reasons stated in defendant's Opposition and for the reasons stated above, plaintiff's motion is **denied**.

Wherefore, it is this ___20___ day of November, 2006, hereby

**ORDERED** that plaintiff's Motion to Alter or Amend the September 5, 2006 Judgement [sic] Dismissing the Case for Lack of Personal Jurisdiction is **DENIED**.

Judith E. Retchin
Associate Judge

Copies to:

Kevin T. Abikoff, Esquire
Kathryne Love, Esquire
HUGHES, HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401

Harvey S. Williams, Esquire
LAW OFFICES OF HARVEY S. WILLIAMS
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009

# EXHIBIT 3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL ACTIONS BRANCH

ARDESHIR YAZDANI,

                Plaintiff,

v.

ACCESS ATM,

                Defendant.

Civil Action No. 2005-009097 B

The Hon. Judith E. Retchin

## ORDER

HAVING CONSIDERED Defendant Access ATM's Motion to Set Aside Entry of Default, the Memorandum of Points and Authorities, and the Affidavit submitted therewith, it is by the Superior Court of the District of Columbia,

this 25 day of July, 2006,

ORDERED that the Motion to Set Aside Entry of Default is hereby granted in its entirety and the order and judgment of default against Access ATM vacated.

*Further ordered that defendant shall have until August 7, 2006 to file any Reply to plaintiff's opposition to defendant's motion to dismiss.*

So Ordered.

_____
Judith E. Retchin

Copies to:

Kevin T. Abikoff, Esq.
Kathryne Love, Esq.
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401

Harvey S. Williams, Esq.
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W.
Suite 225
Washington, D.C. 20009

Order docketed 7/25/06 and copies mailed from chambers to Parties indicated above on 7/25/06.