**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ARDESHIR YAZDANI ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-639 |
| ) | (CKK) |
| ACCESS ATM ) | |
| ) | |
|     Defendant. ) | |

**PLAINTIFF'S REPLY TO ACCESS ATM'S OPPOSITION TO
PETITION FOR ATTORNEY'S FEES**

Defendant, Access ATM, falsified information in a certified Removal Notice and should be required to pay the costs naturally flowing from that falsehood and the improper removal based thereon. *See* 28 U.S.C. 1447(c) (order for remand may require "payment of just costs and any actual expenses, including attorney fees, *incurred as a result of the removal."*)(emphasis added).

**April 7, Hearing**

Access protests that plaintiff should not be compensated for fees incurred on April 7, 2006 because "counsel would have had to appear at the April 7 hearing even if the case had not been removed." This is incorrect. Defendant, without warning or any courtesy telephone call, delivered a notice of removal at 7:00 p.m. the night before the April 7th hearing. The document was not file-stamped, no information was provided as to whether the Notice of Removal had been filed, no explanatory letter accompanied the removal document, and counsel for defendant could not be reached by telephone. Numerous telephone calls were made on the morning of April 7th, but defendant's counsel was unavailable and Superior Court Judge Retchin's law clerk had no information about the Notice of Removal. Judge Retchin was forced to call defendant's counsel during the

hearing to determine what had occurred because defendant's counsel did not bother to appear. Defendant's failure to notify plaintiff's counsel and the Superior Court that a notice of removal had been filed was the proximate cause of an unnecessary hearing taking place – plaintiff's counsel had no choice under the circumstances but to attend that hearing.

### Determination of Access' Misrepresentations

Access also maintains that the efforts to determine that Access had falsified the date it had received the lawsuit are not properly attributed to the improper removal. Access' position is premised on a mistaken reading of Superior Court Rules. Service upon Access was effected when service was made to the office of the mayor pursuant to D.C. Code § 29-101.12 (b). Plaintiff had no obligation beyond confirming that service had been effected pursuant to Super.Ct. Civ. R. 4(h)(1). 28 U.S.C. 1446(b) allows for a time limit that runs from the date of actual receipt of the documents, not when service is effected under D.C. law. The steps taken to verify — and ultimately disprove — Access's statement of the date it received the lawsuit are therefore properly charged to Access.

### Teleconferences with the US District Court After Removal

Access contests that fees charged for teleconferences held on April 28 and May 5 are not rightly taxable to Access. These conferences were initiated by defendants counsel and involved Judge Kollar-Kotelly. Obviously, any conference involving the federal court was the direct result of the improper removal and properly taxable as such. Further, any conference involving the withdrawal of counsel who had been compromised by Access' actions is obviously an expense resulting directly from those actions and should be borne by Access.

**Fees Incurred in Remand**

Defendant maintains that plaintiff is not entitled to the costs occasioned by plaintiff's attorneys fees incurred in remanding the case because Access consented to the remand. First, Access did not consent to remand until *after* Plaintiff filed his Motion. Second, Access opposed awarding plaintiff's fees and costs at that point and forced plaintiff to litigate the issue of attorney's fees. Had Access timely accepted responsibility for the financial burden resulting from its improper filing, much of the resulting fees may have been avoided. Instead, Access chose to contest the allocation of fees and costs, and should not be heard to now complain that plaintiff's counsel prepared a thorough brief of the issue. The case law clearly allows the recovery of time spent in efforts to recoup attorney's fees, including the preparation of fee petitions. *Donovan v. CSEA Local Union 1000*, 784 F.2d 98, 106 (2d Cir. 1986)(if original award is warranted, amount should be granted for time spent applying for award)[1]; *accord Parker v. Matthews*, 411 F. Supp. 1059, 1066 (DDC 1976), *aff'd.*, 561 F.2d 320 (D.C. Cir. 1977). Plaintiff's efforts to that end have further been increased as a result of Access' current Opposition, and plaintiffs are attaching a fee addendum[2] reflecting the additional time necessitated by Access' continuing efforts to avoid responsibility for the improper removal.

**Updated *Laffey* Matrix**

Access protests the application of the updated *Laffey* matrix because the issues involved were not "complex." However, the updated *Laffey* matrix is not based on complexity, but is rather based on prevailing market rates for legal services and is thus considered a reasonable method for valuing services. This court has found that the

---

[1] In *Donovan*, the Court granted fees for 20.5 hours spent just preparing the fee petition.

[2] *See*, Exh. 1, Fee Addendum for additional $1635.80 occasioned by this Reply.

3

prevailing rate in the community is higher than those prescribed by the original *Laffey* matrix and that the community rate is the proper measure of value. *See Adolph Coors Co. v. Truck Insurance Exchange*, 383 F.Supp. 2d 93, 98 (D.D.C. 2005)(allowing hourly rates in excess of *Laffey* matrix in recognition of prevailing market rates in fee award pursuant to § 1447(c) removal). Access also attempts to have the court reduce the fees reasonably claimed by plaintiff by asserting, without justification, that attorney Madancy, who has spent more than five years as the junior member of a two-man law firm, has little practical experience. Access even goes so far as to ask the court to reduce the number of years plaintiff's counsel have been lawyers![3]

Finally, Access makes much of the fact that the underlying case has been dismissed on jurisdictional grounds. Not only is this completely irrelevant to the costs incurred as a result of the improper removal, but actually underscores the frivolity of the removal notice itself. Access should have attacked the claim by properly filing appropriate motions in Superior Court rather than filing false removal papers. However, despite the irrelevance of the disposition of the underlying case to the current petition for fees, plaintiff wishes the Court to know that he firmly believes the Superior Court improperly dismissed the case and has noted an Appeal from that decision. Exhibit 3.

**Conclusion**

Plaintiff's counsel has put forth a fee petition which reflects a very reasonable expenditure of time to investigate and uncover the falsehood made by Access in its Removal Notice; time spent in conferences with the federal court; and time occasioned in briefing issues related to the improper removal—all at rates which reflect the current

---

[3] Access, for some inexplicable reason, has stated that counsel Harvey S. Williams should bill his time as if he has only been practicing for 11-19 years and that Robert Madancy should bill as if he has only been practicing for 1-3 years. Attached as Exhibit 2 are documents showing that Williams has been practicing law since 1981 and that Madancy has been practicing law since 2000.

local market for legal services. All of these expenses flowed directly from Access' intentional misrepresentation of the date of receipt of the underlying lawsuit and Access' unreasonable refusal to take responsibility for the waste of time and money resulting therefrom. Plaintiff's fee petition should be granted in its entirety and should be revised to include time incurred in preparing this Reply for fees and costs totaling $18,796.58 calculated as follows:

| | |
|---|---|
| Initial Petition Amount: | $17,160.78 |
| Fees for Reply: | $ 1,635.80 |
| **Total Fees & Costs** | **$18,796.58** |

Respectfully submitted,

ARDESHI YAZDANI
By Counsel

_____/S/_____
Harvey S. Williams
Unified Bar No. 437147
Robert S. Madancy, Jr.,
Law Office of Harvey S. Williams
1666 Connecticut Avenue, N.W., Ste. 225
Washington, D.C. 20009
Tel (202) 462-5900
Fax (202) 462-5904

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Reply to Access ATM's Opposition to Petition for Attorney's Fees was sent by electronic filing this 7th day of December, 2006, to Kevin T. Abikoff and Kathryne Love of Hughes Hubbard & Reed LLP, 1775 I Street, N.W., Washington, D.C. 20006-2401, Counsel for Defendant.

_____
Harvey S. Williams