UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARDESHIR YAZDANI,<br><br>Plaintiff,<br><br>v.<br><br>ACCESS ATM,<br><br>Defendant. | Civil Action No. 06-639 (CKK/JMF) |

MEMORANDUM OPINION

This case was referred to me for resolution of whether an award of attorneys' fees and costs incurred as a result of the removal of this case to the Superior Court of the District of Columbia is appropriate. In a previous opinion, I concluded that such an award was appropriate. The only issue remaining therefore is a determination of the amount of reimbursement due. To that end, I directed plaintiff to submit a fee petition "detailing the attorneys' fees and costs expended by him in opposing the removal of this case from the Superior Court to the District Court." Order (10/27/06) at 1.

BACKGROUND

On April 6, 2006, Access ATM filed a notice of removal with the District Court, claiming that notice had been received on or about March 10, 2006. A hearing was scheduled to take place in Superior Court on April 7, 2006 and such a hearing did in fact take place, although the defendant's counsel never appeared. On April 26, 2006, plaintiff filed a motion to have the case remanded to the Superior Court. Defendant consented to the remand by notice filed May 9,

2006. On May 16, 2006, Judge Kotelly concluded that defendant's removal to District Court had been untimely and remanded the case to Superior Court.

## ANALYSIS

I.    Fee Awards Pursuant to 28 U.S.C. § 1447(c)

Following a remand pursuant to 28 U.S.C. § 1447(c), the court may, in its discretion, also award attorneys' fees and costs. In doing so, the court is "duty-bound" to ensure that such an award is reasonable. Adolph Coors Co. v. Truck Ins. Exch., 383 F. Supp. 2d 93, 95 (D.D.C. 2005) (quoting Huffman v. Saul Holdings Ltd. P'ship, 262 F.3d 1128, 1134 (10th Cir. 2001)).

II.   Reasonableness of Attorneys' Fees

The determination of reasonableness is based on an assessment of 1) the reasonableness of the hours spent, 2) the reasonableness of the hourly rate charged, and 3) the appropriateness of the use of a multiplier. Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

### A.    Hours Reasonably Expended

The submission, by the party seeking reimbursement, of a detailed fee petition allows the court to determine the reasonableness of the hours expended. Kaseman v. District of Columbia, 329 F. Supp. 2d 20, 26 (D.D.C. 2004). Plaintiff's fee petition seeks reimbursement for attorneys' fees and costs incurred for work performed from April 1, 2006 to December 7, 2006. Specifically, plaintiff seeks reimbursement for the following: 1) 0.92 hours of work performed by Deeme Katson ("DK"), a paralegal, 2) 16.47 hours of work performed by Harvey Williams, Esq. ("HW"), an attorney with 20+ years of experience, and 3) 29.03 hours of work performed by Robert Mandancy, Esq. ("RM"), an attorney with 6 years of experience.

First, plaintiff seeks reimbursement for counsels' appearance in Superior Court on April 7, 2006. The petition describes the appearance as follows: "Court appearance in Superior Court for ex parte hearing on damages; plaintiff received unfiled copy of removal notice after 7:00 p.m. on 4/6, but was unable to obtain confirmation that notice had been filed prior to the hearing, thus requiring appearance. Defense counsel was contacted by telephone by the court for an explanation." <u>Plaintiff's Petition for Attorney's Fees and Costs</u> ("Plains. Pet.") at 10. Defendant argues, rightly so, that counsel would have had to appear at the April 7, 2006 hearing irrespective of defendant's having filed a notice of removal, since the court had not cancelled the ex parte hearing on damages that had been scheduled. But, plaintiff contends that numerous attempts were made by the Superior Court to locate defendant's counsel on the morning of April 7, 2006, and "[d]efendant's failure to notify plaintiff's counsel and the Superior Court that a notice of removal had been filed was the proximate cause of an unnecessary hearing taking place – [and] plaintiff's counsel had no choice under the circumstances but to attend that hearing."

It is abstractly true that, had the case not been removed, plaintiff's counsel would have had to attend the hearing. But, I must also say that, while defendant's present counsel has been thoroughly professional, I cannot say of the same of their predecessor. His gamesmanship of filing the petition at 7 p.m. the night before the hearing, without even the courtesy of a phone call to opposing counsel or Judge Retchin's chambers, led to a busy Superior Court judge and counsel wasting time simply trying to find out what had happened. Had the petition not been filed or been filed in a timely manner, that time would not have been wasted and I have no hesitation in making the defendant pay for it.

 B. <u>Fees Attributable to Determining when the Defendant Received a Copy of the</u>

Summons and Complaint

The defendant also objects to time expended to ascertain when process was served by the Department of Consumer Affairs because plaintiff already had to secure and file proof of service to comply with Superior Court Rule 4(l). But, as defendant points out, that is incorrect. Under the controlling statute, D.C. Code § 29-101.12 (b),[1] service upon a foreign corporation that does not have a registered agent is accomplished by serving the Mayor, who is obliged to then serve the corporation by mail. It would therefore suffice to file proof of service upon the Mayor to comply with Rule 4(l). The controlling federal statute, 28 U.S.C. § 1446, requires, however, that the petition for removal be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Thus, even though one knows when the Mayor was served, one still has to find out when the defendant received what the Mayor sent. The efforts made to find out the latter are perfectly proper and worthy of payment.

C.    Fees after Consent

On May 9, 2006, new and present counsel filed a consent to remand. Counsel also explained that on April 28, 2006 and May 5, 2006, there were teleconferences in which new counsel explained to the court and opposing counsel that he was going be entering his appearance, substituting for former counsel, and would not be objecting to a remand. He protests that all fees incurred after he consented cannot possibly have been incurred opposing removal.

But, the teleconferences that were held would not have had to have taken place in the first

---

[1] All references to statutes or rules are to the electronic versions that appear in Westlaw or Lexis.

place had the case not been improperly removed.  While prior counsel may have made the mess, time spent by opposing counsel getting it cleaned up is reasonably spent and compensable.

It must also be recalled that, while defendant consented to remand, it insisted that, upon remand, each party bear its own cost and fees.  That meant, of course, that it was objecting to an award of fees, despite the remand, and raised necessarily the question of plaintiff's entitlement.  To get their fees, plaintiff's counsel had to make the case for an award of the fees that defendant refused to pay.  As my grandfather (a former prize fighter) would put it, if you start a fight, don't come crying to me when the other guy hits you.

Moreover, under fee shifting statutes, the award of fees for preparing and litigating the entitlement to fees, so-called "fees on fees" is well withing the court's discretion under federal fee shifting statutes.  E.g. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990).  Indeed, it is the law of the circuit that denying fees on fees may defeat the congressional intent that led to the enactment of the fee shifting provision in the first place.  See American Fed'n of Gov't Employees v. FLRA, 994 F.2d 20, 22 (D.C.Cir.1993) ("No matter what the purpose of an attorney's fee provision . . . the availability of 'fees for fees' is essential to carrying out Congress's goal in including the provision in the first place.").  Lincoln, himself a corporate and trial lawyer, is reported to have said: "A lawyer's time and advice is his stock in trade."  Time spent on this case is time that could not be spent on another case and I am hard pressed to understand why the fees shifting provision of the statute at issue in this case should be interpreted to preclude an award for fees on fees.

III.    Reasonableness of Hourly Rates

Plaintiff seeks reimbursement for the work of one paralegal and two attorneys, as

calculated under the "Updated Laffey Matrix." According to plaintiff, this second version of the Laffey matrix is preferable to the one originally devised by the United States Attorneys' Office because it is "based on the legal services component of the Consumer Price Index rather than the general CPI on which the U.S. Attorney's Office matrix is based." Plains. Pet. at 4 (quoting Salazar v. District of Columbia, 123 F. Supp. 2d 8, 14-15 (D.D.C. 2000)). Defendant counters that the court's application of either of the Laffey matrices is discretionary and that in any event, the issue that was litigated, whether or not removal was appropriate, does not warrant the higher rates of the "Updated Laffey Matrix." Defs. Opp. at 5-7. Instead, defendant recommends that "the even lower rates reflected in the U.S. Attorney's Office matrix should be significantly reduced and a nominal amount awarded to Plaintiff." Id. at 6.

  Originally, the Laffey Matrix was developed by the United States Attorney's Office "as a concession by that office of what it will deem reasonable when a fee-shifting statute applies and its opponent prevails and seeks attorneys' fees . . . [thus relieving] that office from having to litigate the market rate in the hundreds of fee-shifting cases that it defends." Adolph Coors Co. v. Truck Ins. Exch., 383 F. Supp. 2d at 98 (D.D.C. 2005). The situation at bar is completely different. First, the current case involves two private litigants and the best measure of what the market will allow are the rates actually charged by the two firms representing these litigants. Furthermore, as recently noted by this court in McDowell v. District of Columbia, No. 02-CV-1119, 2006 WL 1933809, at *2 (D.D.C. July 11, 2006), decisions in which the "Updated Laffey Matrix" has been applied are those in which there exists a "significant evidentiary record." In this case, there is no significant evidentiary record. The sole issue was whether or not defendant's removal from the Superior Court to the District Court was timely. The record,

therefore, consists solely of the evidence collected by plaintiff to show that defendant's removal was untimely.  In this case, all that plaintiff needed was a copy of the proof of service of the pleadings upon defendant.  This hardly qualifies as a "significant evidentiary record."  The court thus agrees with defendant that neither of the Laffey rates should be applied.  Instead, plaintiff's counsel will be reimbursed at the actual hourly rate counsel charge their clients who pay on an hourly basis according to the Plaintiff's Praecipe Regarding Fees that has now been filed.

IV.     Reasonableness of Costs

Defendant does not quarrel with the costs claimed by plaintiff and as they are reasonable, the court will order their reimbursement.  The total amount of costs claimed is $123.41.

V.      Details of Reimbursement

Below appears a table that reproduces the fees sought.  The parties should note that not all work performed by defendant's counsel was adjudged reimburseable.  I am concerned about the fees incurred during the final stage of the briefing, specifically the filing of Plaintiff's Reply in Support of Motion for Attorney Fees and Costs [# 11].  Plaintiff claims that this filing, [#11], took 15.25 hours to prepare, for a cost of $4,243.75.  The document is, however, only 6 pages, meaning that it cost $707.30 per page.  While it is well-researched and written, I will exercise my discretion and reduce it.  I think that a full day's work at the most junior rates, yielding a fee of $1,800 is sufficient.  Accordingly, I will award a fee of $10,058.71, i.e. the fees and costs requested, $12,502.46, less the adjustment I have made that reduces the amount claimed for filing [#11] from $4,243.75 to $1,800.

| Date | Employee | Description of Work | Hours Expended | Hourly Rate | Total |
| --- | --- | --- | --- | --- | --- |

| 4/7/06 | RM | "Court appearance in Superior Court for ex parte hearing on damages; plaintiff received unfiled copy of removal notice after 7:00 p.m. on 4/6, but was unable to obtain confirmation that notice had been filed prior to hearing, thus requiring appearance. Defense counsel was contacted by telephone by the court for an explanation. | 2.75 | 225 | 618.75 |
| --- | --- | --- | --- | --- | --- |
|  | DK | "Telephone conference: D.C. Office of Consumer and Regulatory Affairs, Conversaion [sic] with Deborah at Corporations, left message for Carrie Evans, Office of Superintendent | 0.25 | 90 | 22.5 |
|  | HW | "Court appearance necessitated by last minute removal. Plaintiff received unfiled copy of removal notice after 7: p.m. on 4/6, but was unable to obtain confirmation that notice had been filed prior to hearing. Attorney Williams who had made morning inquiries regarding the removal appeared to address removal issue with th court. Defense counsel was contacted by telephone by the court fo an explanation. | 2.75 | 350 | 962.5 |
|  | RM | "Strategy conference with attorney Williams; review removal notice." | 2.00 | 225 | 450 |
|  | HW | "Review Removal Notice; strategy conference with attorney Madancy" | 2.00 | 350 | 700 |

8

| Date | Atty | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 4/10/06 | DK | "Telephone conferences 4/10-4/12 with D.C. Office of Consumer and Regulatory Affairs paralegal specialist, Carrie Evans re: when notice received by Access ATM." | 0.17 | 90 | 15.3 |
| 4/13/06 | RM | "Legal research: review Sections 1441 thru 1447 on removal; LexisNexis search" | 1.60 | 225 | 360 |
| | RM | "Pull/review cases, including . . . begin draft" | 4.50 | 225 | 1012.5 |
| 4/14/06 | RM | "Finish draft motion" | 2.00 | 225 | 450 |
| | RM | "Draft Evans Affidavit re: delivery/acceptance of pleadings by Access" | 0.50 | 225 | 112.5 |
| 4/17/06 | DK | "Telephone conferences with Carrie Evans re: professional details/duties for affidavit" | 0.33 | 90 | 29.7 |
| 4/18/06 | RM | "Telephone conference with Evans" | 0.10 | 225 | 22.5 |
| 4/20/06 | RM | "Telephone conference with Evans; check/revise affidavit" | 0.40 | 225 | 90 |
| 4/21/06 | DK | "Telephone conference with Carrie Evans re: delivery/pick up of signed affidavit" | 0.17 | 90 | 15.3 |
| 4/24/06 | RM | "Phone/fax to defense counsel Curry" | 0.20 | 225 | 45 |
| 4/25/06 | RM | "Edit/revise Remand Motion/Memo" | 1.00 | 225 | 225 |
| 4/26/06 | RM | "Final proof/edit Remand Motion/Memo" | 0.33 | 225 | 74.25 |
| | HW | "Edit/revise Motion; file Motion" | 1.50 | 350 | 525 |

| | | | | | |
|---|---|---|---|---|---|
| 4/28/06 | HW | "Conference call with Court and defense counsel (Curry and Love)" | 0.42 | 350 | 147 |
| | HW | "Legal research: list serve re sanctions re: attorney" | 2.00 | 350 | 700 |
| | HW | "Conference calls with Court, Curry, Love" | 0.50 | 350 | 175 |
| 5/5/06 | RM | "Telephone conference with attorney Love" | 0.10 | 225 | 22.5 |
| 5/9/06 | RM | "Conference with attorney Williams on Reply strategy" | 1.00 | 225 | 225 |
| | RM | "Review defense Motion; pull/revie/Shepardize defense cases; research/pull/Shepardize cases including . . . Begin draft" | 4.75 | 225 | 1068.75 |
| 5/10/06 | HW | "Review Defense Motion; case law; our response; conference with attorney Madancy re: Reply" | 1.50 | 350 | 525 |
| 5/11/06 | RM | "Draft Reply" | 2.75 | 225 | 618.75 |
| 5/12/06 | HW | "Legal research; draft/revise Reply" | 5.00 | 350 | 1750 |
| | RM | "Proof/edit Reply" | 1.25 | 225 | 281.25 |
| 12/1/06 | RM | "Review Opposition, pull/review cases; review D.C. Code Section 290101.12, review 28 U.S.C. Section 1446; review Super. Ct. Rules; review court record; pull/check cases; Coors, Donovan; begin draft Reply" | 2.70 | 225 | 607.5 |
| | HW | "Confer/supervision of Reply" | .20 | 350 | 70 |
| 12/6/06 | RM | "Finish Reply, edit/revise" | 1.10 | 225 | 247.5 |

| 12/7/06 | HW | "Revise/edit/finalize Reply" | .60 | 350 | 210 |
| Costs | | | | | 123.41 |
| Total | | | | | 12502.46 |

An Order accompanies this Memorandum Opinion.

                                                    _____
                                                    JOHN M. FACCIOLA
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: